**In re Maurice B. FRANK, Debtor.**

**Gerald A. RIMMEL, Receiver, Mercantile Trust Company, N.A., and United States of America, Plaintiffs,**

**v.**

**Maurice B. FRANK, Defendant.**

**Bankruptcy No. 80–00883–BKC–TCB.**
**Adv. No. 81–0369–BKC–TCB–A.**

**United States Bankruptcy Court,
S. D. Florida.**

**Sept. 21, 1981.**

Norman J. Kapner, West Palm Beach, Fla., for debtor/defendant.

Charles A. Newman, St. Louis, Mo., for Mercantile Trust Co., National Association.

J. Christopher Kohn, Civ. Div., Dept. of Justice, Washington, D. C., for United States.

Walter P. Davison, Trustee.

Barry S. Schermer, Clayton, Mo., for Gerald A. Rimmel, receiver.

Stephen Judson, Miami, Fla., Atty. for Trustee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Three creditors seek denial of the debtor's discharge under 11 U.S.C. § 727(a)(2)(A), (3) and (5). (C.P. No. 5). The debtor has answered. (C.P. No. 6). The matter was tried on September 1, 1981.

The three plaintiffs' claims aggregate $1.9 million. The debtor was a general partner in an Illinois limited partnership which invested in commercial real estate, providing a tax shelter for some 75 limited partners. On behalf of the partnership, the debtor conducted business through at least 18 other entities. For his own account, he was involved with another eleven entities. He is 76 years old and in precarious health. Although age and failing health have limited his stamina, there is no indication that they have impaired his faculties in any other respect.

*Fraudulent Transfers.* Plaintiffs' charge first that the debtor fraudulently made two transfers of his property to his wife within one year before bankruptcy, either of which would require denial of discharge under § 727(a)(2)(A).

■ The bankruptcy petition was filed on July 16, 1980. Some time after September 28, 1979, well within the one year period, the debtor turned over to his wife $50,000 which had been received in payment for stock in Delray Training Center. The stock, which had been owned by the debtor, had been sold to a third party on September 28, 1979 for the sum in question. The proceeds of the sale were paid in error to the limited partnership managed by the debtor. On the advice of the debtor's accountant, the proceeds were returned to the debtor who then delivered them to his wife without consideration.

I find that this transfer was made by the debtor with an actual intent to hinder, delay, or defraud the debtor's creditors. This finding is based on inferences I draw from all of the circumstances surrounding this transaction. 4 *Collier on Bankruptcy* (15th ed.) ¶ 727.02[3]. For example, although this stock interest had been valued at various times by the debtor between $310,000 and $1.6 million, it was sold for inadequate consideration through the limited partnership controlled by the debtor in such a way that the debtor could, and in fact did, suggest that the limited partnership held the equitable ownership of the stock. The debtor has acknowledged that the money should be

recovered for the estate by the trustee. The debtor's only excuse for this transfer is that he was confused. I do not believe that excuse.

■ On July 10, 1980, six days before bankruptcy, the debtor also transferred to his wife his interest as a general partner in the limited partnership he controlled. Again there was no consideration for this transfer. The debtor's explanation is that his bankruptcy would require dissolution of the partnership and would adversely affect the limited partners. I do not believe that the debtor's concern was justified. However, I do believe that this was his purpose and that he acted in good faith. I do not find any intent to hinder, delay or defraud creditors through this transfer.

■ *Inadequate Records.* Plaintiffs have next charged that the debtor failed to keep adequate records. Discharge must be denied under § 727(a)(3) if:

> "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case".

It is undisputed before me that the debtor has preserved bank statements and cancelled checks from which it would be possible to reconstruct all pertinent financial transactions concerning not only his personal affairs, but also the affairs of the limited partnership. It is equally undisputed that there are no books or other records from which it would be possible to trace or untangle the extremely complex pattern of business transactions in which this debtor or the limited partnership have been involved. In this case, therefore, the existence of the primary documents is worthless to the trustee or the creditors, because the time and expense necessary to reconstruct and present the transactions in an intelligible and usable form would clearly be prohibitive.

I find that the debtor's financial condition and his business transactions cannot be ascertained from the records preserved by the debtor and cannot reasonably be reconstructed from those records. These records do not meet the standard required by § 727(a)(3). *Goff v. Russell Co.,* 5 Cir. 1974, 495 F.2d 199, 201; 4 *Collier on Bankruptcy* (15th ed.) ¶ 727.03[3].

*Explanation of Losses.* The debtor is charged, finally, with failure "to explain satisfactorily . . . any loss of assets or deficiency of assets", which is a ground for denial of discharge under § 727(a)(5).

■ Under this subsection it is plaintiffs' burden, to identify the assets in question by appropriate allegations in the complaint and to show that the debtor at one time had the assets but that they are not presently available for the creditors. With such a prima facie case, the burden shifts to the debtor to go forward with the evidence to explain satisfactorily the evaporation of the asset. The explanation must convince the court of the debtor's good faith and businesslike conduct. An explanation consisting of mere generalities and founded upon nothing by way of verification or affirmation in books, records or otherwise is not satisfactory. 4 *Collier on Bankruptcy* (15th ed.) ¶ 727.08.

Plaintiffs have specified the debtor's failure to explain what happened to (1) $1.3 million worth of assets the debtor admittedly had on April 8, 1977, when he placed them in a revocable inter vivos trust, (2) $850,000 capital account owed to him by the limited partnership he managed, (3) "his interest as a general partner" in that partnership and (4) the $50,000 proceeds realized from the sale of Delray Training Center stock.

■ To take the last two items first, the proceeds of the stock sale have been adequately traced. The circumstances of this transaction do not constitute a separate ground for denial of discharge under this subsection. There is no evidence in this record that the debtor's interest as a general partner ever had any greater value than

the value of his capital account, which is the nexus of the plaintiffs' second specification.

The debtor concedes that he contributed $850,000 worth of property to the limited partnership which he managed. He was entitled to receive interest on this account at the rate of six percent. From time to time, he received advances. The debtor has never provided an accounting of that account and now says that it would be unduly burdensome and expensive for him to do so. The debtor's present accountant has testified that when he was employed two years ago, his predecessor's work papers reflected an $850,000 credit for the debtor, but the debtor owed $10 million to the partnership and the accountant merged the two items to reflect a negative capital account. Neither this accountant nor the debtor has provided any detail, documentation or other explanation of the debtor's liability to the partnership. The explanation offered for the loss of this asset is completely inadequate and unsatisfactory.

Plaintiffs' first specification relates to a transaction even more confusing than the debtor's partnership capital account. In 1977, the debtor placed assets he has valued at $1.3 million in a revocable trust. The same day he assigned those same assets by a separate conveyance to the limited partnership with the explanation that the partnership was the equitable owner of all the assets. Among the assets were several properties in Palm Beach which the debtor had recently transferred from himself to his wife and himself.

Once again, there is no explanation other than unsupported generalities for the alleged equitable ownership of the partnership. The debtor frankly admitted that he could not explain the contradictory manipulation of these assets. I find that the debtor has failed to explain the loss of these assets.

It follows that the debtor's discharge must be denied under 11 U.S.C. § 727(a)(2)(A), (3) and (5). As is required by B.R. 921(a), a separate judgment will be entered accordingly. Costs will be taxed on motion.