In re Norman SAVEL and Ida M. Savel, Debtors.

CITY NATIONAL BANK OF MIAMI, a National Banking Association, Plaintiff,

v.

Norman SAVEL and Ida M. Savel, Defendants.

COUNTY NATIONAL BANK OF SOUTH FLORIDA, a National Banking Association, Plaintiff,

v.

Norman SAVEL, Defendant.

Bankruptcy No. 82–01402–BKC–SMW. Adv. Nos. 82–1147–BKC–SMW–A, 82–0079–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

April 26, 1983.

Myrna D. Bricker, Miami, Fla., for debtors.

Ira Gordon, Broad & Cassel, Bay Harbor Islands, Fla., for defendant City National Bank.

Patrick Barry, Ft. Lauderdale, Fla., for trustee.

Reggie David Sanger, Ft. Lauderdale, Fla., for plaintiff Ippolito.

H. Allan Tucker, Hollywood, Fla., for defendant Ippolito.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause having come before the Court upon two Complaints to Determine Nondischargeability of Debt and Denial of Discharge and the Court having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

Both City National Bank of Miami (City) and County National Bank of South Florida (County) filed similar complaints challenging the dischargeability of debts owed to each of them due to defaults in loans extended by them to the debtors. Additionally, both City and County challenge the overall discharge of the debtors. Due to the similarity of the allegations and the evidence to be presented, the adversary proceedings were heard together.

The Court will first consider the requests for denial of discharge.

Plaintiffs request the denial of the debtors' discharge pursuant to Bankruptcy Code Sections 727(a)(3), 727(a)(5), 727(a)(4)(A) and 727(a)(4)(D).

Bankruptcy Code Section 727(a)(3) provides for the denial of debtor's discharge if:

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

■ Plaintiffs allege that the debtors have "failed to keep or preserve any recorded information, . . . from which the debtors' financial condition or business transactions might be ascertained." The initial burden of proof in challenges to discharge pursuant to Code Section 727(a)(3) is on the creditors to show lack of records. No showing of intent to defraud is required. Once the creditors have satisfied their burden, the burden shifts to the debtor to show that the absence of records is justified under all relevant circumstances. *In re Waldroop,* 22 B.R. 284 at 286 (Bkrtcy.D.N.M.1982). The Court has wide discretion in determining the sufficiency of records. *Goff v. Russell Company,* 495 F.2d 199 (5 Cir.1974); *McBee v. Sliman,* 512 F.2d 504 (5 Cir.1975).

■ In determining sufficiency of records pursuant to Code Section 727(a)(3), perfection in record keeping is not required but creditors examining the records of the debtor must be reasonably able to follow the debtor's business transactions, make intelligent inquiry, verify the oral statements and explanations of the bankrupt, and ascertain the present and past financial condition of the bankrupt within substantial completeness and accuracy. *In re Hirsch,* 14 B.R. 59 at 62 (Bkrtcy.S.D.Fla.1981). See also *In Re Waldroop,* 22 B.R. 284 (Bkrtcy.D. N.M.1982).

■ Based upon all the evidence, the Court finds that the limited records produced by the debtors for examination by the plaintiffs herein in preparation for the adversary proceedings were insufficient to allow plaintiffs to ascertain the debtors' financial condition or business transactions. The Court finds that the debtors failed to keep or preserve sufficient records and such failure was not justified under all the circumstances.

■ The plaintiffs further challenge the debtors' discharge pursuant to Section 727(a)(5) which provides for denial of discharge if:

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

Under Bankruptcy Code Section 727(a)(5):

It is plaintiffs' burden to identify the assets in question by appropriate allegations in the complaint and to show that the debtor at one time had the assets but that they are not presently available for the creditors. With such a prima facie case, the burden shifts to the debtor to go forward with the evidence to explain satisfactorily the evaporation of the asset. The explanation must convince the court of the debtor's good faith and business-like conduct. An explanation consisting of mere generalities and founded upon nothing by way of verification or affirmation in books, records or otherwise is not satisfactory. *In re Frank,* 14 B.R. 166 at 168 (Bkrtcy.S.D.Fla.1981) citing 4 Collier on Bankruptcy (15th ed.) ¶ 727.08.

In support of their claim, the plaintiffs introduced a financial statement executed by the debtors on March 30, 1981, and submitted to City in conjunction with an application for credit.

In their financial statement the debtors represented that they had substantial asset holdings specifically in the categories of life insurance cash surrender value ($35,000.00), value of debtors' residence ($450,000.00), value of automobiles owned by debtors ($20,000.00) and value of household furnishings and jewelry ($125,000.00). Additionally, the plaintiffs allege that the financial statement misrepresented the liabilities of the debtors.

The debtors filed their Chapter 7 bankruptcy on July 21, 1982. In their schedules

and statement of financial affairs, the debtors listed different values for these assets. The following table indicates the differences:

| | Financial Statement 3–30–81 | Schedules and Statement of Affairs 7–21–82 | Amendment on 2–5–83 |
|---|---|---|---|
| Life Insurance Cash Surrender Value | $35,000.00 | 0 | Unknown |
| Value of Residence | $450,000.00 | Real Property listed as none | |
| Value of Automobiles | $20,000.00 | $500.00 | |
| Value of Household furnishings and jewelry | $125,000.00 | Nominal value $500.00 | |
| Total | $630,000.00 | $1,000.00 | |

The Court finds that plaintiffs have met their burden of proof. Debtors have offered no plausable explanation as to the loss of assets previously valued at $630,000.00.

The plaintiffs also request denial of discharge based on Code Sections 727(a)(4)(A) and 727(a)(4)(D) which provide for denial of discharge if:

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account:

&ast; &ast; &ast; &ast; &ast; &ast;

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

With reference to their request pursuant to Code Section 727(a)(4)(A), plaintiffs allege that the debtors' schedules and statement of financial affairs were false in indicating that the debtors kept books and records relating to their affairs for two years proceeding the bankruptcy and that all such records were available. Additionally, the plaintiffs claim that the schedules and statement of affairs failed to disclose both the admitted transfer of the debtors' residence prior to the filing of their bankruptcy petition and transfers of assets to explain

diminution of their personalty from the sum stated in the March 30, 1981 financial statement ($125,000.00) to the "nominal value of $500.00 listed in schedule B–2. (See discussion re: Section 727(a)(5) above). On February 3, 1983, five days before trial, the debtors amended their schedules to reflect ownership of two insurance policies.

A false oath must relate to a material matter to be sufficient to warrant denial of discharge. See *Matter of Ramos*, 8 B.R. 490 at 495 (Bkrtcy.W.D.Wisc.1981) stating that "Materiality of the false oath does not require that the creditors were prejudiced by the false statement. Materiality depends on whether the false oath was pertinent to the discovery of assets or past transactions."

The false oath must also have been made knowingly and fraudulently. See Section 727(a)(4). In *Matter of Vogel*, 16 B.R. 546 at 550 (Bkrtcy.S.D.Fla.1981) this Court stated that "The basic rule in the Bankruptcy Court in the Southern District of Florida is that any false oath must be made intentionally and must hinder the [trustee's] administration of the estate." The element of fraud required to satisfy Section 727(a)(4)(A) is established when statements are made "with a calculated disregard for the importance of documents which were signed under penalty of perjury and on

which a determination on the request for a discharge would be made." *Matter of Ramos,* 8 B.R. 490 at 495 (Bkrtcy.W.D.Wisc. 1981) citing *In re Mazzola,* 4 B.R. 179 at 183 (Bkrtcy.D.Mass.1980). The *Mazzola* case held that under the Bankruptcy Code, "A reckless disregard of both the serious nature of the information sought and the necessary attention to detail and accuracy in answering may rise to the level of fraudulent intent necessary to bar discharge." *Mazzola* at 182.

The Court finds that the bankruptcy schedules and statement of financial affairs, even as amended, contained material false statements which were knowingly and intentionally made and that as such they have hindered the administration of the estate. The Court further finds that the false statements in the schedules and statement of affairs were made with fraudulent intent as contemplated in *Mazzola* and *Ramos.*

The Court having found that the debtors have failed to keep or preserve records, have knowingly and fraudulently made a false oath, and have failed to satisfactorily explain the loss of assets valued at approximately $630,000.00 concludes that the debtors should be denied discharge. The Court having determined that the overall discharge of the debtors should be denied need not address issues of dischargeability. Pursuant to Bankruptcy Rule 921 a separate Final Judgment will be entered in accordance with these Findings of Fact and Conclusions of Law.