**In re Marvin J. WASSERMAN, a/k/a Marvin Wasserman, Debtor.**

**Ray HOROWITZ, Plaintiff,**

v.

**Marvin WASSERMAN, Defendant.**

**Bankruptcy No. 83–00376–BKC–SMW. Adv. No. 83–0526–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Oct. 20, 1983.

Arnold M. Strauss, Jr., Pompano Beach, Fla., for plaintiff.

Ronald A. Luzim, Coral Springs, Fla., for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon a Complaint Objecting to the Discharge of the Debtor and the Court, having heard the testimony and examined the evidence presented, observed the candor of the witnesses, considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

The plaintiff herein is a judgment creditor of the debtor and objects to the debtors' discharge pursuant to Bankruptcy Code Section 727(a)(4)(A) in that the debtor knowingly and fraudulently filled out Schedules A2 and B2 of the debtors' Voluntary Petition of Bankruptcy.

The debtor lists as his first liability under Schedule A2, a first mortgage in favor of Flagler Federal Savings and Loan with a principal balance of $20,000. This mortgage was executed originally by the debtor and his former wife. When the parties subsequently obtained a Dissolution of Marriage the wife became exclusively responsible for the payment of the mortgage pursuant to a Property Settlement Agreement. Plaintiff contends this debt should not have been included in the A2 Schedule of Liabilities.

Within the debtors' B2 Schedule of Personal Property, stock in M & R Hairstylists, Inc. is listed as having no market value. Plaintiff alleges that this business has assets including fixtures, accounts receivables, goodwill, a leasehold interest and capital and that the stock in M & R Hairstylists does have some market value.

Bankruptcy Code Section 727(a)(4)(A) provides for the denial of the debtors' discharge if:

> (4) The debtor knowingly and fraudulently, in or in connection with the case
>
> (A) made a false oath or account.

In order to warrant a denial of discharge, a false oath must have been made knowingly. In this regard, this Court has stated that "The basic rule in Bankruptcy Court in the Southern District of Florida is that any false oath must be made intentionally and must hinder the [trustees'] administration of the estate." *Matter of Vogel,* 16 B.R. 546 at 550 (Bkrtcy.S.D.Fla.1981).

The false oath must also have been made fraudulently. The element of fraud required to satisfy Section 727(a)(4) is established when statements are made "with a calculated disregard for the importance of documents which were signed under penalty of perjury and on which a determination on the request for a discharge would be made." *In re Savel,* 29 B.R. 854 at 857 (Bkrtcy.S.D.Fla.1983) citing *Matter of Ramos,* 8 B.R. 490 at 495 (Bkrtcy.W.D.Wis. 1981). The *Ramos* case further held that the false oath must relate to a material matter, "Materiality depends on whether the false oath was pertinent to the discovery of assets or past transactions."

Based on the evidence presented, and without reaching a determination on the debtors' liability as to the first mortgage in favor of Flager Federal Savings and Loan or to the value of the above mentioned stock, the Court finds that the overall discharge of the debtor should not be denied pursuant to Bankruptcy Code Section 727(a)(4)(A) as the plaintiff has failed to prove the requisite elements thereof.

A separate Final Judgment will be entered in accordance with these Findings of Fact and Conclusions of Law.