**In re Larry Lee BAILEY Debtor.**

**Billi Joe BAILEY Plaintiff.**

**v.**

**Larry Lee BAILEY Defendant.**

**Bankruptcy No. 3–83–0207–2.
Adv. No. 3–84–0005.**

United States Bankruptcy Court,
W.D. Kentucky.

Oct. 3, 1985.

Karl M. Walz, Louisville, Ky., for plaintiff.

Thomas Denbow, Louisville, Ky. for defendant.

## MEMORANDUM–OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the court on the plaintiff-creditor's Complaint objecting to the discharge of certain listed debts under 11 U.S.C. Section 523(a)(5) and/or to debtor's Chapter 7 discharge under 11 U.S.C. Section 727(a)(2) or (4).

The plaintiff is the former wife of the debtor-defendant, and the "debts" in question arose from the state court decree disposing of the property interests, maintenance and support issues flowing from this divorce proceeding.

At issue is the interpretation to be given certain provisions of the state decree, i.e. whether certain awards therein are in the nature of maintenance and/or support. Additionally, plaintiff alleges defendant must be denied a discharge under Section 727(a)(2) or (4), as his conduct has been violative of the provisions set forth therein.

At the outset, it must be recognized that this court in applying the law under Title 11, can neither abate the highly charged emotional feelings of the parties nor lessen the bitterness resulting from the termination of the marital relationship. The plaintiff insists that the debtor-defendant's conduct prior to the filing of this bankruptcy petition and disclosures in his petition fall significantly short of that standard required by the Code, and accordingly, his right to a discharge should be denied under Section 727(a)(2) and/or (4). Further, this opinion must determine the legal consequences of the state court provisions in the context of a subsequently filed bankruptcy, testing whether said provisions or awards are nondischargeable under Section 523(a)(5).

A chronology of events relating to these proceedings is as follows:

| | |
|---|---|
| Divorce proceedings filed | March, 1980 |
| Parties separated | Sept., 1980 |
| State Divorce Trial | April, 1981 |
| Debtor's State of Marital Property and Value filed in State divorce proceedings | April 14, 1983 |
| State Court Judgment | Aug: 29, 1983 |
| Debtor·filed Bankruptcy | Oct. 21, 1983 |
| Debtor filed Motion to set aside 8/29/83 judgment | Oct. 27, 1983 |
| Supplemental Judgment entered (Parties not notified of entry until July, 1984) | Nov. 30, 1983 |
| Complaint filed objecting to discharge per Section 523(a)(5) and Section 727(a)(2) and/or (4). | Jan. 27, 1984 |

It is well-settled that the burden of proof is on the plaintiff when challenging the debtor's right to a discharge. It has been the experience of this court in addressing issues under Section 523(a)(5), that the outcome is totally dependent on the definition given the state court provisions purporting to award certain property or monetary sums. Once such awards are defined as maintenance or support, the applicability of Section 523(a)(5) becomes readily apparent.

In the instant case, however, issues under Section 727(a)(2) and/or (4) have been raised which, if established, would make moot a determination of the Section 523 challenge. This court will first address the plaintiff's complaint relative to the debtor's conduct under Section 727, which provides:

Section 727. Discharge.

(a) The court shall grant the debtor a discharge, unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

In the trial conducted by the court on these issues, the plaintiff relied most heavily on the Schedules attached to debtor's bankruptcy petition filed October 21, 1983, the debtor's Answers to Interrogatories propounded by plaintiff in these proceedings, and the debtor's Statement of Marital Property and Debts dated April 14, 1983 and filed in the divorce proceedings.

The gravamen of the complaint relative to Section 727, is that the value of debtor's assets as reflected in his bankruptcy petition is significantly less than those values adopted by the debtor in his Statement dated April 14, 1983. More specifically, the marital realty was listed at $125,000.00 in April, 1983 but valued at $60,000.00 in his bankruptcy petition. In like manner, household goods and furniture were listed at $34,676.00 in April, 1983, but valued at $2,000.00 in his petition. Additionally, other items listed and valued in April, 1983 are not listed as assets in the bankruptcy petition or their values are likewise disproportionally reflected.

In response thereto, debtor notes that the values set forth on the April 14, 1983 Statement are replacement values and further reflect such values at some unknown time prior to the April, 1983 Statement. Debtor asserts that those items of property listed in April, 1983 but not included in his bankruptcy Schedules were actually disposed of commencing in 1981 in a series of yard sales conducted by the debtor to unknown persons and for which the debtor received a total of approximately $750.00 to $1,000.00. Those items thus disposed of and the value received are reflected in debtor's Answers to Interrogatories and are substantially verified by his testimony at the trial in chief. No records of these sales were maintained, and debtor's responses were based solely on his recall.

The dates of the sales are lost to debtor's memory. The evidence further establishes other items of property were disposed of by debtor as "junk", or of no value at unspecified times and places.

The evidence relative to the value loss of the marital realty as well as to certain vehicles was less than conclusive as to whether the diminution in value to these items was within the knowledge of the debtor.

As to the household goods and furnishings, a review of their stated value reflected on the Statement of Marital Property dated April 14, 1983, and denoted as "replacement value" versus those values purportedly received at the alleged yard sales, connotes wide disparity between the stated amounts. By way of contrast a sampling is now set forth:

| ITEM | STATED VALUE 4-14-83 | YARD SALE RECEIPTS |
|---|---|---|
| Sewing Machine | $ 350.00 | $ 20.00 |
| Cedar Chest | 150.00 | 10.00 |
| Poster bed, dresser, & chest | 335.00 | 45.00 |
| Deluxe Pool Table | 800.00 | 150.00 |
| Asst. Tupperware | 103.00 | 4.00 |
| Asst. Corning Ware | 102.00 | 7.00 |
| End Table | 120.00 | 5.00 |
| Coffee Table | 100.00 | 5.00 |

Similar disparities exist when comparing assets valued on April 14, 1983 versus their stated value as assets in debtor's possession on the bankruptcy petition date.

| ITEM | STATED VALUE 4-14-83 | VALUED BY DEBTOR IN RESPONSE |
|---|---|---|
| Stereo System | $1200.00 | $ 150.00 |
| King Size bed, dresser, night stands, Amoire | 1570.00 | $ 150.00 |
| Orange Couch and Love Seat | 700.00 | $ 50.00 |

The above represents but a sampling of the consistent variances throughout these property lists. It is further significant to note that the Statement of April 14, 1983 contains no statement that any of the property thereon had been previously disposed of nor the purported value received therefor.

■ Under Bankruptcy Rule 4005, the plaintiff has the burden of proving its objection at the trial on a Complaint objecting to discharge. However, once the plaintiff has offered proof as to the value of debtor's assets shortly prior to the filing which is significantly higher than the debtor's stated value in his bankruptcy Schedules, and further furnishes evidence of the existence of assets likewise owned shortly before filing but unlisted, the burden of going forward with mitigating or explanatory evidence shifts to the debtor.

The court now addresses plaintiff's proof to determine whether a prima facie case has been presented on the elements contained in Section 727(a)(2) and (4).

■ This court has previously denoted that the intent requisite to preclude a discharge under 11 U.S.C. Section 727(a)(2) must be an actual fraudulent intent as distinguished from constructive intent. *In re Chambers*, 36 B.R. 791 (Bkrtcy.,W.D.Ky. 1984); *In re Waddle*, 29 B.R. 100 (Bkrtcy.,W.D.1983). However, as noted in *Future Time, Inc. v. Yates*, 26 B.R. 1006 (D.C.M.D.Ga.1983), actual intent such as to hinder a creditor may be inferred from the debtor's actions. Further, a party opposing the discharge of a debt can use any evidence, even that occurring outside a time limit, to prove the nature of an intent which occurred within a time limit, i.e., a present actual intent. Thus it follows that a court, in considering the question of the debtor's present intent, is not prohibited "from drawing on expressions of intent which fall outside the one year period." *Future Time, Inc., supra* at page 1008.

Plaintiff relies on debtor's Statement of April 14, 1983 to substantiate that the transfers complained of occurred within one year.

■ The criteria demanded by Section 727(a)(4) requires that the debtor be denied a discharge if he "knowingly and fraudulently, in or in connection with the case made a false oath or account." The false oath must relate to a material matter and may consist of (1) a false statement or omission in the debtor's schedules, or (2) a false statement by debtor at an examination during the course of the proceedings. The evidence must be definite and certain to the effect that the property or disclosures required but omitted should have been fully set forth with specificity. *In re Waddle, supra.*

In weighing that quantum of candor and honesty required, the Bankruptcy Court in *In re Diodati*, 9 B.R. 804, 807–08 (Bkrtcy., D.Mass.1981), stated:

> The primary purpose of Section 727(a)(4)(A) of the Code and its predecessor, Section 14(c)(1) of the Bankruptcy Act, is to insure that dependable information is supplied for those interested in administration of the bankruptcy estate from which they can rely without a need for the trustee or other interested parties to dig out the true facts in examinations or investigations. The trustee and creditors are entitled to honest and accurate sign-posts on the trail showing what property has passed through the debtor's hands during the period prior to his bankruptcy. The courts have held that a reckless disregard of both the serious nature of the information sought and the necessary attention to detail and accuracy in answering may rise to the level of fraudulent intent necessary to bar a discharge.

■ The materiality of the false oath does not require that the creditors were prejudiced by the false statement; instead materiality depends on whether the false oath was pertinent to the discovery of assets or past transactions. *In re Butler*, 38 B.R. 884, 889 (Bkrtcy.,D.Kansas,1984).

■ Based on the totality of the evidence presented, this court finds that the plaintiff has presented sufficient proof relative to the elements of Section 727(a)(2) and (4) to establish a prima facie case of entitlement to the relief requested. It is unquestioned that a substantial diminution in value of the debtor's estate occurred in apparent short proximity to the filing of his petition, that other assets were apparently unaccounted for, and that these losses may

736

have occurred within one year of the bankruptcy filing. Additionally, the debtor's Schedules fail to disclose any explanation relative to these matters. A thorough review of the record substantiates the plaintiff's unanswered questions concerning the size and value of the debtor's estate on the date of his petition, as well as the details concerning any dissipation of the assets of this estate which may have occurred within one year of the filing and are neither disclosed nor alluded to in the debtor's Schedules.

With such a prima facie case having been made, the burden shifts to the debtor to go forward with evidence satisfactorily explaining the loss of assets or their value if such has occurred. The debtor's explanation of what happened to the assets consists of vague and generalized testimony about yard sales in which a substantial portion of the assets were sold to unknown persons, on unknown dates, for unknown amounts. These sales, as reconstructed in debtor's Response to Interrogatories, evidence little correlation to the "Replacement" value attributed to the specific items listed on the April, 1983 Statement of Marital Property filed by the debtor in the divorce proceeding, nor did said Statement indicate that many of the property items listed thereon had been disposed of at great loss in value.

The court finds it dispositive that the debtor in seeking to respond to the plaintiff's Complaint challenging his discharge, has effectively recanted or disavowed his own admissions dated April 14, 1983. These admissions were relied upon in the state court to resolve the issues relating to the property rights of the parties. No challenge to the credibility of the contents thereof was made by debtor until the plaintiff initiated these proceedings. An explanation consisting of mere generalities and founded upon nothing by way of verification or affirmation in books, records, or otherwise is not satisfactory. *In re Savel,* 29 B.R. 854 (Bkrtcy.,S.D.Fla.1983); *In re Frank,* 14 B.R. 166 (Bkrtcy.,S.D.Fla.1981).

The 1978 Act offers to debtors what may well be the most extensive fresh start since the seven year release described in the Old Testament. (Deuteronomy 15:1 & 2). What is required of the debtor is that in asking for this relief he not be deliberately dishonest. *In re Cook,* 40 B.R. 903 (Bkrtcy.,N.D.Iowa,1984).

Simply stated, after a thorough review of the record, considering the testimony and documents offered at the trial and the demeanor of the witnesses, the court finds that the debtor's explanation does not suffice to explain the loss in value now ascribed to those assets remaining, nor a satisfactory accounting of those now disposed of. More is required of the debtor to satisfactorily explain the loss or disposal of these assets. *In re Braidis,* 27 B.R. 470 (Bkrtcy.,E.D.Pa.1983).

A debtor's cavalier and casual attitude toward the importance of an accurate, complete and honest answer to material disclosures required as to the nature, value, extent, and disposal of his assets equates to knowingly and fraudulently making a false oath of a material matter.

While the court is mindful of the well-settled principle that a right to a discharge is statutory and that Section 727 of the Code must be construed liberally in favor of the debtor and strictly against the objector, the court concludes that the record of the case here presented establishes that the debtor has failed to produce evidence sufficient to overcome the plaintiff's proof and accordingly, must be denied a discharge under the provisions of Section 727(a)(2) and (4). A separate Order will be entered this date.

The issues presented by plaintiff's complaint pursuant to Section 523(a)(5) are hereby remanded generally in view of the above findings.

The above constitutes Findings of Fact and Conclusions of Law pursuant to Rules of Bankruptcy Procedure 7052.