In re Edmund M. BERNAT,
III, Debtor.

EXCELSIOR TRUCK LEASING CO.,
INC., Appellant,

v.

Edmund M. BERNAT, III, t/a Bernat's
Auto Body, t/a Bernat's
Towing, Appellee.

Civ. A. No. 85–0724.

United States District Court,
E.D. Pennsylvania.

Jan. 30, 1986.

Melvin Rubin, Ardmore, Pa., for appellant.

Michael A. Cibik, Philadelphia, Pa., for appellee.

Leo F. Doyle, Philadelphia, Pa., Chapter 7 Trustee.

## OPINION

. CAHN, District Judge.

Excelsior Truck Leasing Co., Inc. ("Excelsior") appeals, under Bankruptcy Rule 8001(a), from a decision of the United States Bankruptcy Court for the Eastern District of Pennsylvania discharging the debt owed to it by the appellee, Edmund M. Bernat, III. Because I find that § 727 of the Bankruptcy Code ("Code") may prevent discharge of the debt, I am remanding this case to the bankruptcy court for further proceedings.

## I.

This action arose from money owed Excelsior from its installation of a towing rig on Mr. Bernat's truck. Although there is some dispute as to the circumstances surrounding that transaction and the amount of money owed for the installation, that dispute has no bearing on the issues present in this case. On March 10, 1983, an arbitrators' award in the amount of $5,457.77 was entered in the Court of Common Pleas of Philadelphia in favor of Excelsior against Mr. Bernat. A judgment was entered and, in May of 1983, a writ of execution was issued to have the sheriff seize two tow trucks owned by Mr. Bernat.

After some effort, the sheriffs were able to locate the trucks but did not seize them because the trucks had different license plates on them. A petition in aid of execution was filed in the Court of Common Pleas of Philadelphia County and Judge White issued an order in February of 1984 directing the appellee to turn over the two trucks to the sheriff. Mr. Bernat did not comply with the order and failed to show up at his April 3, 1984, contempt hearing. The appellee was arrested, brought before Judge White and again directed to turn the vehicles over to the sheriff. The appellee agreed to give the vehicles to the sheriff but then delayed compliance until he filed a Chapter 7 Bankruptcy Petition on August 21, 1984.

In the debtor's schedules, Mr. Bernat reported that Continental Bank had secured interests in several vehicles owned by him. Excelsior was listed as an unsecured creditor with a disputed claim in an amount unknown. Excelsior's attorney discussed its claim with the trustee in bankruptcy. The trustee advised the appellant that Mr. Bernat had stated that the truck in question was no longer owned by the debtor. The exterior rig had been stolen and the remainder of the truck had been used for spare parts. Since the debtor had no insurance, he did not report the theft.

Relying on § 727 of the Code, the creditor went into bankruptcy court in an attempt to prevent the discharge of this debt. A hearing was held and on January 7, 1985, the bankruptcy judge entered an order that the debt was dischargeable. The appellant filed a notice to appeal from the bankruptcy judge's order on January 11, 1985. On February 6, 1985, the debtor filed a motion to dismiss the appeal because of failure to comply with Bankruptcy Rules 8006, 8007, 8008. On February 12, 1985, the appellant filed his designation of the items to be included in the record on appeal and a statement of the issues to be presented. Subsequently, both parties have filed briefs on the relevant issues.

## II.

■ Initially, I must decide the procedural issue of whether to dismiss this appeal because of non-compliance with the bankruptcy appellate procedures. Bankruptcy Rule 8006 requires the appellant to file a designation of the items to be included in the record on appeal and a statement of the issues to be presented within 10 days after the notice of appeal is filed. In this case, the notice to appeal was filed on January 11, 1985, and the appellant did not file the papers pursuant to Rule 8006 until February 12, 1985. A motion is pending with the court to dismiss this appeal because of this procedural defect. Because I find that the debtor's rights have not been prejudiced by the appellant's delay in filing the items required by Bankruptcy Rule 8006, and because there is no suggestion of bad faith in making the untimely submission of these items, I decline to dismiss this appeal. *See In re Comer*, 716 F.2d 168, 177 (3d Cir. 1983); *Marta Group, Inc. v. Perlstein's, Inc.*, 47 B.R. 220, 221 (E.D.Pa.1985). This technical defect should not bar this court from hearing the substantive issues on appeal in this case.

## III.

The appellant requested the bankruptcy court to prevent the discharge of the debt owed to Excelsior by the debtor. At oral argument, the creditor made several arguments, relying on different paragraphs of

§ 727(a) of the Code, as to why the debt should be non-dischargeable. The bankruptcy judge disagreed with the creditor's arguments and therefore did not find the debt non-dischargeable. The issue to be decided by this appeal is whether the bankruptcy court erred when it ruled that § 727 did not prevent discharge of the debt in this case.

■ As a district court reviewing the decision of a bankruptcy court, the standard for review is that findings of fact should not be overturned unless clearly erroneous. Bankr.Rule 8013. However, this standard does not apply to a bankruptcy court's conclusions of law. *See Matter of Multiponics, Inc.*, 622 F.2d 709 (5th Cir.1980); *Stafos v. Jarvis*, 477 F.2d 369 (10th Cir.1973), *cert. denied*, 414 U.S. 944, 94 S.Ct. 230, 38 L.Ed.2d 168; *In re Hardwick & Magee Co.*, 355 F.Supp. 58 (E.D.Pa. 1973). Also, it should be noted that the right to discharge in bankruptcy is construed liberally in favor of a debtor and strictly against an objecting creditor. *In re Leichter*, 197 F.2d 955 (3d Cir.1952), *cert. denied*, 344 U.S. 914, 73 S.Ct. 336, 97 L.Ed. 705 (1953).

■ As analogized by one bankruptcy court, "the Reform Bankruptcy Code offers to debtors what may well be the most extensive 'fresh start' since the seven year release described in the Old Testament." *In re Cohen*, 47 B.R. 871, 873 (Bankr.S.D. Fla.1985). This "fresh start" is accomplished by granting debtors discharges on their outstanding debts. In a Chapter 7 proceeding, § 727 of the Code grants discharges to debtors but provides certain circumstances where a discharge will not be granted. It states that:

(a) The court shall grant the debtor a discharge, unless—

.        .        .        .        .

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transfer-

red, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

.   .   .   .   .

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities; . . . .

The burden of proof is on the creditor to establish an objection to discharge on any debt. Bankr.Rule 4005. But, this burden may shift to the debtor if the plaintiff establishes a prima facie case. *First Texas Savings Ass'n, Inc. v. Reed*, 700 F.2d 986, 992 (5th Cir.1983).

■ To prevent a discharge under § 727(a)(2), the appellant must prove:

(1) a transfer, removal, destruction, mutilation, or concealment

(2) involving property of—

(a) the debtor and occurring within one year of the petition filing date; or

(b) property of the estate and occurring post petition

(3) whereby the debtor intended to hinder, delay, or defraud a creditor.

*Comprehensive Accounting Corp. v. Morgan*, 43 B.R. 264, 271 (Bankr.E.D.Tenn. 1984).

Actual intent is a necessary element of this section, however, this intent may be proven through circumstantial evidence. *Farmers Coop. Ass'n v. Strunk*, 671 F.2d 391, 395 (10th Cir.1982); *Montgomery Ward & Co., Inc. v. Gordley*, 38 B.R. 630, 632 (Bankr.S. D.Ohio 1984); *Comprehensive Accounting Corp.*, 43 B.R. at 271. From the facts on the record, it is clear that the debtor intended to hinder or at least delay the payment of this debt to the creditor. Also, there is no doubt that the item in question is property of the debtor and the actions occurred within one year of the petition date.

■ The only element of this objection to discharge which may not have been met is whether the debtor transferred, removed, destroyed, mutilated or concealed the property. Although the courts have defined concealment broadly to include preventing the discovery of or withholding knowledge of the property, *see United States v. Schireson*, 116 F.2d 881, 884 (3d Cir.1940); *Comprehensive Accounting Corp.*, 43 B.R. at 271 n. 12, the appellant has not met his burden of establishing concealment by the debtor. The debtor's delay in transferring the trucks to the creditor cannot be classified as concealment. The only other evidence offered by the appellant is the fact that the vehicles to be seized had different license plates affixed to them. This evidence does not necessarily demonstrate that the debtor has attempted to conceal the assets, especially when the Code is to be construed liberally in favor of the debtor.[1] Thus, the discharge of the debt cannot be prevented by § 727(a)(2).

The appellant also argues that § 727(a)(5) of the Code should prevent the debt from being discharged because the debtor has failed to "explain satisfactorily" any loss of assets.[2] Courts have defined a satisfactory explanation as one which

---

**1.** Although the appellee's actions are insufficient to prevent discharge of the debt under § 727(a)(2), they may be sufficient to hold the appellee in contempt of court. In this opinion, I make no decision as to that issue.

**2.** The question of whether a debtor satisfactorily explains a loss of assets is a question of fact. *Shapiro & Ornish v. Holliday*, 37 F.2d 407 (5th Cir.1930); *In re Chalik*, 748 F.2d 616, 619 (11th Cir.1984). The standard of review in such a case is therefore the clearly erroneous standard. *In re Chalik*, 748 F.2d at 619.

"must consist of more than the vague, indefinite, and uncorroborated hodgepodge of financial transactions...." *Baum v. Earl Millikin, Inc.,* 359 F.2d 811, 814 (7th Cir.1966). *See also In re Chalik,* 748 F.2d 616, 619 (11th Cir.1984); *Glaser v. Glaser,* 49 B.R. 1015, 1020 (Bankr.S.D.N.Y.1985). For example, when a debtor's explanation of what happened to his business assets consisted of vague and generalized testimony about sales to unidentified buyers and the junking of worn out equipment, the bankruptcy court did not find this explanation satisfactory. *Lissack Enterprises, Inc. v. Braidis,* 27 B.R. 470, 473 (Bankr.E.D.Pa.1983).

 Similarly, the case at hand provides no satisfactory explanation of the loss of the debtor's assets. The debtor never testified at the hearing concerning the loss of the vehicle. This lack of any explanation by the debtor clearly prevents the debt from being discharged under § 727(a)(5). Furthermore, the only evidence on the record of the loss of the truck is when the complaint alleges that the Trustee "advises that the debtor claims that the trucks were stolen." Creditor's Complaint, Para. 12. The debtor's response was "Denied. The vehicle in question is a 1981 Chevrolet truck. The theft was not reported because the exterior rig was only stolen from the truck. Since the debtor has no insurance, the remainder of the truck was used for spare parts." Debtor's Answer, Para. 12. No specific details of the time, place or circumstances of the theft have been placed into evidence. This explanation by the debtor is much too vague and too general to be considered satisfactory under § 727(a)(5). Nor has there been any showing of good faith on the part of the debtor to explain this loss. Therefore, the debt should not be discharged pursuant to § 727(a)(5) unless the debtor can provide a more satisfactory explanation of the missing truck.

The appellant's final argument is that the debt should not be dischargeable because the debtor has failed to keep or preserve adequate business records. Relying on § 727(a)(3) of the Code, the creditor argues that the debtor's lack of any insur-

ance policy records should prevent discharge. *See In re Savel,* 29 B.R. 854, 856 (Bankr.S.D.Fla.1983). Since state law requires insurance information to be provided when registering a motor vehicle, the appellant's argument is valid. *See* Act No. 176 of July 19, 1974 (repealed 1984). In his answer to the complaint, the debtor states that no insurance was purchased on the vehicle. The debtor has not explained why he did not have insurance in direct violation of the law requiring all vehicles to have insurance. If the debtor wants to obtain discharge on these debts it is necessary for him to provide more evidence than his unsubstantiated claim that no records exist.

This case is remanded to the bankruptcy court for proceedings not inconsistent with this opinion. Specifically, the debtor should be given the opportunity to provide a satisfactory explanation concerning the loss of the truck in question and the lack of any business or insurance records.