In re Edmund M. BERNAT, III, t/a
Bernat's Auto Body and t/a
Bernat's Towing, Debtor.

EXCELSIOR TRUCK LEASING CO.,
INC., Plaintiff,

v.

Edmund M. BERNAT, III, t/a Bernat's
Auto Body t/a Bernat's
Towing, Defendant.

Bankruptcy No. 84–02759G.
Adv. No. 84–1527G.

United States Bankruptcy Court,
E.D. Pennsylvania.

June 12, 1986.

Melvin Rubin, Ardmore, Pa., for plaintiff, Excelsior Truck Leasing Co., Inc.

Michael A. Cibik, Philadelphia, Pa., for debtor/defendant, Edmund M. Bernat, III, t/a Bernat's Auto Body t/a Bernat's Towing.

Leo F. Doyle, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

On remand from the district court, the issue is whether we should deny the debtor a discharge of debts on the basis that (1) under 11 U.S.C. § 727(a)(5)[1] of the Bankruptcy Code ("the Code") the debtor failed to offer a satisfactory explanation for a missing truck, or (2) under § 727(a)(3) he failed to keep accurate records of his vehicle insurance policies. For the reasons expressed below, we conclude that the debtor should be denied a discharge under § 727(a)(3) for failure to keep accurate records of his vehicle insurance.

The facts of this case are as follows:[2] The debtor filed a petition for relief under chapter 7 of the Code. Until that time he had been in the businesses of auto body repair and towing. Over the years the debtor had purchased numerous trucks expressly for the purpose of towing. At the time of the filing of the petition the debtor owned four vehicles, two of which were trucks.

A creditor, Excelsior Truck Leasing Co., Inc. ("Excelsior"), filed the instant complaint, objecting to the debtor's discharge on several bases. Due to the testimony we heard, we concluded that Excelsior had not established its case by clear and convincing evidence and, accordingly, we denied Excelsior's complaint seeking to deny the debtor's discharge.

Excelsior appealed our decision to the district court. That court held that Excelsior had established a prima facie case for a denial of discharge under § 727(a)(3) on the basis that the debtor failed to keep adequate business records of its vehicle insurance. *Excelsior Truck Leasing Co., Inc. v. Bernat (In Re Bernat)*, 57 B.R. 1009 (1986). In the alternative, the court held

---

**1.** § 727. Discharge

   (a) The court shall grant the debtor a discharge, unless—

      \* \* \* \* \* \*

   (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

      \* \* \* \* \* \*

   (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

      \* \* \* \* \* \*

11 U.S.C. § 727(a)(3) and (a)(5).

**2.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

that a prima facie case had also been established under § 727(a)(5), since the debtor failed to explain adequately the loss or theft of a truck, which was an asset of the estate, and remanded the case to us to deny the discharge unless the debtor could produce adequate insurance records of his vehicles and satisfactorily explain the loss of the truck.

After remand we held the requisite hearing to afford the debtor the opportunity to present his evidence. On the subject of adequately explaining under § 727(a)(5), the loss or theft of the truck, much desultory testimony was introduced. Since we predicate our denial of discharge on § 727(a)(3), rather than on § 727(a)(5), the need to unravel the testimony on the truck is precluded.

After much circumlocution by the debtor and counsel in trying to establish whether he maintained adequate insurance records on his vehicles, we pointedly asked the debtor, "Do you have any evidence of the insurance on the vehicles that you owned?" His response was, "With me now, sir, no."

While it is true that the owner of a motor vehicle is under no duty to carry with him evidence of his vehicle insurance while not operating a vehicle, the debtor knew or should have known that one of the two issues for trial on remand would be whether he had insurance. Notwithstanding the fact that his discharge was dependent on the introduction of credible evidence on this point, none was advanced. In accordance with the decision in this matter by the district court, we must deny the debtor's discharge under § 727(a)(3).

We will accordingly enter an order denying the debtor's discharge.