In re: Karen R. KISBERG a/k/a Karen R. Reardon, Debtor.

Lee J. REARDON, Plaintiff,

v.

Karen R. KISBERG a/k/a Karen R. Reardon, Defendant.

Bankruptcy No. 5–89–01034. Adv. No. 5–90–0026.

United States Bankruptcy Court, M.D. Pennsylvania.

Oct. 15, 1992.

Brian C. Caffrey, Williamsport, PA, for plaintiff.

Norman M. Lubin, Williamsport, PA, for debtor/defendant.

## OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

Before the Court is a complaint of Lee J. Reardon (hereinafter "plaintiff") objecting to the discharge of the debtor, Karen R. Kisberg a/k/a Karen R. Reardon (hereinafter "defendant") pursuant to 11 U.S.C. Sections 727(a)(2), (4)(A) and (B), (a)(5). For the reasons provided herein the relief requested by the plaintiff is denied.

The plaintiff and defendant were married in 1971 and divorced in May of 1988 by order of the Court of Common Pleas of Lycoming County, Pennsylvania.

On or about December 15, 1989 the defendant filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the Middle District of Pennsylvania. Thereafter, on or about March 16, 1990, the plaintiff filed the instant adversary proceeding objecting to the defendant's discharge under Section 727. The plaintiff alleges, inter alia, that the defendant falsely testified and gave false oath numerous times during her Section 341 hearing and depositions given as a result of discovery in the above referenced adversary proceeding. Additionally, plaintiff alleges that the defendant also signed and filed her petition knowing that the information contained thereon was false due to a purposeful attempt to not list all of her assets; namely, an IRA (Individual Retirement Account), jewelry, home furnishings, silver, and a 1980 Volvo automobile. These assets are allegedly grossly undervalued. The Complaint provides that the defendant failed to satisfactorily explain the loss of valuable assets and that the defendant was attempting to conceal property of the estate from both the plaintiff and all the creditors of the estate.

The allegations also suggest that the defendant falsely testified concerning her liabilities and, in particular, her failure to list a debt to the her mother and the overvaluation of certain liabilities stemming from a business in which the parties were involved prior to the filing of the bankruptcy. The complaint includes various allegations concerning the truthfulness of the testimony given at the time of the depositions and the 341 hearing concerning the defendant's income and the circumstances surrounding the avoidance of a twenty eight thousand dollar ($28,000) credit card debt assumed pursuant to a property settlement agreement. Finally, the plaintiff argues that the defendant has filed her bankruptcy in bad faith and as a deliberate abuse of the judicial process.

The defendant responds by denying all of the pertinent allegations of the complaint. The defendant also responds that she did not testify falsely nor did she sign the petition and schedules knowing that there was information not provided thereon.

In support of his allegations, the plaintiff directs our attention to the following provisions of the bankruptcy code:

Section 727 Discharge

(a) The court shall grant the debtor a discharge, unless—

(2) The debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

\*    \*    \*    \*    \*    \*

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

\*    \*    \*    \*    \*    \*

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

**356**

## DISCUSSION

■ We begin by determining the burden of proof each party has under Section 727. In *Grogan v. Garner*, 498 U.S. 279, ——, 111 S.Ct. 654, 659–661, 112 L.Ed.2d 755 (1991), the United States Supreme Court held that "preponderance of the evidence" was the applicable standard of proof which must be met to prevail in an action brought under Section 523(a) of the code. Other courts have determined that this same standard should be applicable to a plaintiff in an action filed under Section 727. See *In re Serafini*, 938 F.2d 1156 (10th Cir.1991); *In re Henderson*, 134 B.R. 147 (Bankr.E.D.Pa.1991); *In re Goldstein*, 123 B.R. 514, 522 n. 15 (Bankr.E.D.Pa. 1991). We agree. The *Henderson* Court, supra, discusses this burden of proof and cites the following from the case of *Burch v. Reading Co.*, 240 F.2d 574, 579 (3rd Cir.), cert. denied, 353 U.S. 965, 77 S.Ct. 1049, 1 L.Ed.2d 914 (1957):

> the plaintiff's burden is to convince [the fact-finder] upon all the evidence before [it] that the facts asserted by the plaintiff are more probably true than false ... [the fact-finder] must at least be convinced that the evidence considered as a whole, its 'preponderance' to use the traditional term, indicates that the facts asserted by the plaintiff are probably true.

Complicating the task of a plaintiff, especially in this case, is trying to prove whether a debtor acted with fraudulent intent. This is usually a burdensome task because it is only the debtor that can testify directly concerning her intent at the time of taking the action which is called into question. Faced with this issue other Courts have determined that fraudulent intent can be established by circumstantial evidence or by inferences drawn from a course of conduct as established by the evidence. See *In re Calder*, 907 F.2d 953 (10th Cir.1990) citing *Williamson v. Fireman's Fund Insurance Co.*, 828 F.2d 249, 252 (4th Cir. 1987), *In re Devers*, 759 F.2d 751, 754 (9th Cir.1985). Furthermore:

> "... the debtor can be refused his discharge only if he (i) knowingly and fraudulently made a false oath, (ii) relating to

a material fact. The burden of proof rests with the trustee, *In re Shebel*, 54 B.R. 199, 202 (Bankr.D.Vt.1985), but 'once it reasonably appears that the oath is false, the burden falls upon the bankrupt to come forward with evidence that he has not committed the offense charged.' *Matter of Mascolo*, 505 F.2d 274, 276 (1st Cir.1974)."

*In re Tully*, citation 818 F.2d 106 (1st Cir.1987).

■ After a review of all the evidence submitted at time of trial including written documentation and the testimony given by the defendant at her 341 hearing and the depositions conducted by the plaintiff, this Court does not find by a preponderance of the evidence that the defendant should be denied a discharge as contemplated by 727(a)(4)(A).

The plaintiff requests this court to find that the defendant, with total disregard of the truth, gave false oath during the depositions, the 341 hearing, and on her schedules as filed with this court concerning her ownership and possession of household goods, including furniture and jewelry. Furthermore, the plaintiff questions the valuation placed upon those items by the defendant. The plaintiff testified that he purchased during the course of the marriage various articles of jewelry, silver, and household furnishings but failed, when asked on direct examination and cross examination, to describe the assets, their place of purchase, and the retail price paid for those items. In other words his testimony was vague and incomplete. The defendant answered, and we find quite consistently, during all the depositions, 341 hearing, and on the schedules that she did not possess the quality, number, or type of household items and jewelry that the plaintiff testified she possessed. Based only upon the plaintiff's oral testimony, we are requested to find that the defendant has made a false oath. We simply cannot make the leap of faith requested by the plaintiff to make that finding. In fact, this Court makes the same findings and has the same observations concerning the defendant's testimony surrounding the failure to

list an IRA with Prudential Bache with an approximate amount of Seventeen Hundred Dollars ($1,700) and the debt allegedly owed to the debtor's mother and the valuation of real estate and restaurant equipment. Perhaps the defendant could have been more careful and specific in filling out her schedules. But this Court, after a review of the evidence and the testimony and after having an opportunity to view the witnesses demeanor in testifying, cannot find that the defendant knowingly and fraudulently made a false oath or recklessly disregarded the truth in the presentation of her testimony and her schedules filed with this Court. Because we find that the defendant did not make a false oath knowingly and fraudulently we do not address whether or not the false oath or statement was "material" for the purposes of Section 727(a)(4)(A).

■ We further look to *In re Henderson,* supra, for a detailed discussion on the requirements of 727(a)(2). To prove his case under Section 727(a)(2), the plaintiff must prove by a preponderance of the evidence that there has been (1) a transfer, removal, destruction, mutilation, or concealment, (2) involving property of (a) the debtor, one year prior to the filing of the petition or (b) the estate, after the filing, (3) whereby the debtor intends to hinder, delay, or defraud a creditor. *In re Henderson,* supra at page 156, citing *In re Bernat,* 57 B.R. 1009 (E.D.Pa.1986). The *Henderson* Court, writes that,

"Critical to such a cause of action is the Plaintiff's proof that the debtor possessed the actual intent to hinder, delay, or defraud his creditors ...

"Proof of actual intent as opposed to constructive intent, to hinder, delay, or defraud a creditor is essential ...

"Furthermore, several cases have held at the omission of numerous and/or significant assets is a sufficient basis for denial of discharge ..." *Henderson,* supra, at 157 and 158. Citations omitted.

■ The plaintiff's allegations under 727(a)(2) while not articulated as such, are closely related to the allegations that plaintiff makes under 727(a)(5). The allegations under this section concern defendant's failure to satisfactorily explain the loss of certain assets; namely, silver.

The burden of proof under 11 U.S.C. Section 727(a)(5) is provided in the case of *In re Zell,* 108 B.R. 615 (Bankr.S.D.Ohio 1989), wherein the Court writes,

"On its face, this provision allows a debtor to provide the Court with the satisfactory explanation of loss or deficiency of assets at any time 'before determination of denial of discharge'. Citation omitted. Here, the initial burden of going forward with enough evidence to demonstrate a substantial loss of assets rests with the objector. Once the objector produces enough evidence to establish the objection, the burden shifts to the debtor. Citation omitted. Essentially, the debtor must come forward with an explanation of loss or deficiency of assets during the trial and submit that explanation to the Court for its determination as to whether or not it is satisfactory."

See also *In re Druen,* 121 B.R. 509 (Bankr.W.D.Ky.1990); *In re Drenckhahn,* 77 B.R. 697 (Bankr.D.Minn.1987); and *In re Gallini,* 96 B.R. 491 (Bankr. M.D.Pa.1989); and Collier on Bankruptcy, para. 727.08, 727–72 (15 Ed.1989).

Once again, based upon the testimony and evidence submitted at the time of trial we find that the plaintiff has failed to meet his burden of proving by a preponderance of the evidence that there was a concealment of assets by the defendant and that the defendant has unsatisfactorily explained the loss of assets. The plaintiff simply failed to present enough evidence to the Court to make a determination that the assets supposedly concealed and/or lost by the debtor did in fact exist and were in the possession of the defendant during the time in question. All that was presented were accusations and testimony as to the existence of certain assets without proof of time, place, and purchase price. We also do not find any reason to question the credibility of the defendant concerning her testimony about the assets and the loss of those assets; namely, the silver.

Finally, the plaintiff questions the underlying reasons given by the defendant to justify the filing of her bankruptcy petition. Plaintiff alleges that the filing of the petition was an abuse of the judicial process with the intention to delay the plaintiff and to avoid Twenty Eight Thousand Dollars ($28,000) in credit card debt that the defendant assumed pursuant to a property settlement agreement. Plaintiff further argues that the petition was filed to avoid punishment for a Contempt of Court found by the Common Pleas Court of Lycoming County which had been entered against the defendant shortly before the filing of her petition. In support the plaintiff cites a case from the Middle District of Pennsylvania, *In re Bingham*, found at 68 B.R. 933 (Bankr.M.D.Pa.1987). In that case at page 935, citing the case of *Furness v. Lilienfield*, 35 B.R. 1006, 1011 (D.Md.1983), the Court wrote the following:

> Although no one factor predominates in the factual determination of a bad faith case, the elements often found in such cases include the following:
>
> a) frivolous purpose, absent any economic reality;
>
> b) lack of an honest and genuine desire to use the statutory process to effect a plan of reorganization;
>
> c) use of a bankruptcy as a device to further some sinister or unworthy purpose;
>
> d) abuse of the judicial process to delay creditors or escape the day of reckoning in another Court;
>
> e) lack of real debt, creditors, assets in an ongoing business;
>
> f) lack of reasonable probability of successful reorganization.

We find none of the elements listed above to apply to the defendant in this case. The fact that the defendant filed a petition in order to obtain a fresh start from the debt imposed by a judgement of any Court does not evidence bad faith. Neither does the fact that the petition was filed shortly after the imposition of the judgement by the Court of Common Pleas of Lycoming County evidence bad faith. In all respects we find that the defendant has used the Bankruptcy Code in an effort to provide herself with a fresh start as contemplated by the congressional intent behind the passing of the United States Bankruptcy Code. This defendant's decision to take advantage of the Bankruptcy laws does not convince this Court that the petition was filed in bad faith.

Furthermore, the plaintiff has numerous times argued that this petition was filed to delay the plaintiff. No evidence testimonial or otherwise was given to support this allegation. Consequently, based upon the foregoing this Court concludes that the plaintiff has failed to meet his burden of proof concerning all the allegations filed under Section 727 and therefore the complaint is dismissed and judgement is entered in favor of the defendant.

IT IS SO ORDERED.