Lucca J. BARTHOLOMEO and Lorraine Bartholomeo, Plaintiffs,

v.

Alphie L. PARENT, et al., Defendants.

No. 74 C 1704.

United States District Court,
E. D. New York.

April 5, 1976.

Malone, Dorfman & Tauber, Freeport, N. Y., for plaintiffs; by Charles Tauber, Freeport, N. Y., of counsel.

Morris S. Wolin, New York City, for defendants Alphie L. Parent and Hertz Corp.

J. Robert Morris, New York City, for defendants Michael R. Kiskiel and Michael J. Kiskiel; by John T. Shean, New York City, of counsel.

## MEMORANDUM and ORDER

BRUCHHAUSEN, District Judge.

The defendants, Kiskiel, move for an order dismissing the complaint, pursuant to Rule 4(f) of the Federal Rules of Civil Procedure, or, in the alternative, transferring this case to Connecticut.

The movants further contend that the action is time barred.

The co-defendants join in this motion.

This is a personal injury action. The plaintiffs are citizens of the State of New York. The movants are citizens of the State of Connecticut. The co-defendant Parent is a citizen of the State of Massachusetts, and Hertz Corporation, a Massachusetts corporation, with its principal place of business in Massachusetts. It is alleged that an accident occurred on December 28, 1971 among the above parties in Connecticut. The summons and complaint were filed on December 4, 1974. Service upon the defendants was made subsequent to December 28, 1974, outside the Eastern District of New York.

The contention that the action is time barred is untenable. A civil action is commenced, pursuant to Rule 3, by the filing of a complaint. Generally the statute of limitations is tolled on the date the complaint is filed. *Bomar v. Keyes*, 2 Cir., 162 F.2d 136; *Lippa & Co., Inc. v. Lenox Incorporated*, D.C., 305 F.Supp. 175. The Civil Practice Law and Rules, Section 202 provides where a cause of action accrues outside of New York in favor of a New York resident, the time limited by the laws of New York shall govern. In the case at bar such suit shall be commenced within three years. The complaint was filed on December 4, 1974, prior to the expiration of the three year statute, and, therefore the statute was tolled.

The defendants contend that the service of process upon the defendants was made outside the territorial limits of this court, thereby rendering such service invalid.

The plaintiffs contend that service herein was made, pursuant to Rule 4(e) and (f) of the Federal Rules of Civil Procedure, which permits such service whenever a statute of the state in which the district court is located provides for such service outside the state. C.P.L.R. Section 313 of the State of New York so provides for service without the state. Therefore, jurisdiction being predicated upon 28 U.S.C. § 1332, diversity of citizenship, combined with the rules of this court, service without this state is perfectly proper, subjecting the defendants to the jurisdiction of this court.

Rule 4(e) provides for service upon a party not a resident of or to be found within the state.

Rule 4(f) provides the territorial limits for service. All process except a subpoena may be served within the territorial limits of the state in which the district court is held, unless a federal statute permits service beyond such limits.

■ The record before the court establishes clearly that all of the defendants were served without the State of New York. Such service is valid if made in a manner prescribed by state statutes under Rule 4(f). In the case at bar, there is no indication in the complaint of any special statutory authority enabling the plaintiffs to serve their process outside the territorial boundaries of New York.

■ In diversity actions the federal courts must determine personal jurisdiction in accordance with state law, and the plaintiff has the burden of sustaining the basis for the validity of the service which has been effected. *Klishewich v. Mediterranean Agencies, Inc.,* D.C., 42 F.R.D. 624. The plaintiffs have offered no plausible explanation for their position that the service made subjected the defendants to the jurisdiction of this court.

Furthermore, the court is unable to find any other independent basis for jurisdiction in this district court. See also, Moore's Federal Practice, 2nd Ed. Vol. 2, Rule 4(e)(f).

The motions to dismiss are granted and the action is dismissed.

So ordered.