Frederick C. STURM III, Plaintiff,

v.

Irene SCHRANK, Blank, Rome, Comisky & McCauley, James O'Connell, Barbara Lukes, William King, Patricia Ricci, A. Burton Prestridge, Sandra Prestridge, and Steven D. Ivey, Defendants.

No. 83 Civ. 2533 (SWK).

United States District Court, S.D. New York.

Oct. 4, 1984.

Frederick C. Sturm, III, Montgomery, Pa., pro se.

Zimmer, Fishback & Hertan by Robert M. Trien, New York City, for defendant Schrank.

Shea & Gould by Bruce A. Hecker, Dean G. Yuzek, Andrea B. Feller, New York City, for defendant Blank, Rome, Comisky & McCauley.

Morgan, Lewis & Bockius, New York City by Marc J. Sonnenfeld, Philadelphia, Pa., John F. Lauro, New York City, for defendants O'Connell and Lukes.

Rudolph W. Giuliani, U.S. Atty., for the Southern District of New York by Kathleen A. Roberts, New York City, for defendant King.

Zock, Petrie, Reid & Curtin by Edwin F. Lambert, Jr., New York City, for defendants Prestridge and Prestridge.

Donald F. Ayers, New York City by Michael B. Titowsky, Kew Gardens, N.Y., for defendant Ivey.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

## BACKGROUND

Plaintiff, Frederick C. Sturm III, brought this action against nine defendants alleging that plaintiff suffered monetary damages resulting from certain actions of the various defendants. The following is a brief description of the facts surrounding plaintiff's claims and the role that each defendant played therein.

Plaintiff was the Chief Operating Officer of a company which marketed prepaid legal services plans. Defendants Patricia Ricci, a resident of Texas, A. Burton Prestridge and Sandra Prestridge, each residents of Virginia, purchased legal insurance plans from the company in 1982. Plaintiff alleges that these defendants conspired to and did deliberately and maliciously interfere with corporate operations in violation of the antitrust laws, intentionally interfere with contractual relationships and violate the Hobbs Act.

In December, 1981, plaintiff filed a petition for personal bankruptcy, with the United States Bankruptcy Court for the Eastern District of Pennsylvania. In February, 1982 the Bankruptcy Court convert-ed plaintiff's personal Chapter 11 proceeding to one under Chapter 7. Plaintiff claims that the petition was prepared and filed by defendant Steven D. Ivey, a resident of Pennsylvania, in a negligent manner. Plaintiff further alleges that Ivey failed to attend plaintiff's first meeting of creditors resulting in the conversion of the proceeding to one under Chapter 7. Also in connection with plaintiff's bankruptcy action are his claims against William A. King, Jr., a United States Bankruptcy Judge in the Eastern District of Pennsylvania, James O'Connell, a Pennsylvania citizen, who was appointed as interim trustee by the Bankruptcy Court, and Barbara Lukes, a resident of Pennsylvania who was employed as defendant O'Connell's assistant. Plaintiff claims that Judge King violated plaintiff's civil rights, and that defendants O'Connell and Lukes violated 42 U.S.C. 1983, the Federal Torts Claims Act, and the First and Fourth Amendments to the United States Constitution.

The cause of action against defendant Irene Schrank, plaintiff's former landlord of the premises in Philadelphia, Pennsylvania, in which plaintiff resided, alleges that plaintiff suffered damages as a result of Schrank's failure to keep the property in good and habitable condition in violation of plaintiff's rights under 42 U.S.C. 1983, and as a result of Schrank's interference with plaintiff's contractual relationship with his insurance company. Plaintiff maintains that Schrank's attorneys, defendants Blank, Rome, Comisky and McCauley, a partnership engaged in the practice of law with its principal place of business in Pennsylvania, formed a conspiracy with Schrank in violation of 42 U.S.C. 1983, 1988 and 1985.

Eight of the defendants have moved to dismiss the complaint on various grounds. The complaint is dismissed as to seven of these defendants pursuant to Fed. R.Civ.P. 12(b)(2) on the ground that this court lacks in personam jurisdiction over those defendants. The complaint is dismissed as to the eighth defendant pursuant

to 12(b)(6) on the ground that plaintiff fails to state a claim upon which relief can be granted. The remaining defendant, Patricia Ricci, has not, as yet, been effectively served. Fed.R.Civ.P. 4(j) limits the time in which service must be accomplished to 120 days after the filing of the complaint. As the complaint was filed on February 14, 1983, the 120 day limit has expired. Accordingly, the action is dismissed as to defendant Ricci without prejudice. The remaining defendants' motions are dealt with below.

### a) Blank, Rome, Comisky & McCauley

Plaintiff alleges, in Count III of his complaint, that a conspiracy existed between defendant Schrank and Blank, Rome, Comisky and McCauley ("Blank Rome") in violation of 42 U.S.C. 1983, 1985 and 1988. As a result of this conspiracy, plaintiff claims damages in the amount of $2,071,000. Specifically, plaintiff charges Blank Rome, in concert with defendant Schrank, with taking steps to interfere with the telephonic communication of the plaintiff and with interferring with plaintiff's business. (Complaint paragraph 24.) Additionally, plaintiff claims that at all times relevant to the allegations set forth in the complaint, defendant Schrank was acting under the direction of Reuben Miller, an attorney at Blank Rome. (Complaint paragraph 26.)

Blank Rome has moved to dismiss the complaint pursuant to Rules 12(b)(1), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure on the following grounds: (1) this Court lacks subject matter jurisdiction; (2) to the extent that jurisdiction is based upon federal civil rights statutes 42 U.S.C. §§ 1983, 1985 and 1988, venue is improper in this district; and (3) plaintiff fails to state a claim against Blank· Rome upon which relief can be granted.

■ While conspiracy claims may be brought under 42 U.S.C. 1983 *, *Mosher v.*

*Saalfeld,* 589 F.2d 438, *cert. denied,* 442 U.S. 941, 99 S.Ct. 2883, 61 L.Ed.2d 311 (9th Cir.1978), a claim pursuant to § 1983 may not lie absent state action, or action "under color of state law." *Housand v. Heiman,* 594 F.2d 923, 924–925 (2d Cir.1979). Additionally, it must be demonstrated that defendant's action deprived the plaintiff of rights, privileges and immunities secured by the Constitution, and the laws of the United States. *Powell v. Workmen's Compensation Board of State of New York,* 327 F.2d 131, 136 (2d Cir.1964); *Bergman v. Stein,* 404 F.Supp. 287 (S.D.N.Y.1975).

■ Blank Rome, in representing its client, defendant Schrank, was engaged in purely private conduct. Plaintiff fails to assert the state involvement necessary to transform the private acts of the defendant into state action. It is clear that lawyers and other persons who participate in highly regulated professions do not, absent more, act under color of State law for purposes of liability under 42 U.S.C. § 1983. *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 354, 95 S.Ct. 449, 455, 42 L.Ed.2d 477 (1974); *Henderson v. Fisher,* 631 F.2d 1115, 1119 (3rd Cir.1980). Equally as clear is that, although an attorney is an officer of the court, he is not an officer of the State. Therefore, acts done by him in his professional capacity are not considered those performed under color of state authority. *United States ex rel. Kern v. Maroney,* 275 F.Supp. 435 (D.C.Pa.1967); *Steward v. Meeker,* 459 F.2d 669 (3rd Cir. 1972).

■ Without a showing of action under "color of state law" plaintiff has failed to state a claim under § 1983.

Plaintiff next asserts a claim against Blank Rome for conspiracy in violation of 42 U.S.C. 1985.

---

* § 1983 states in pertinent part:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States ... to the

deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....

■ To state a cause of action under 42 U.S.C. 1985(3) ** the plaintiff must allege that the defendant conspired to deny equal protection under the law to a particular class of persons. The Supreme Court in *Griffen v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971) construed § 1985 as follows:

The language requiring intent to deprive equal protection, or equal privileges and immunities, means that there must be some racial or perhaps otherwise class-based, invidiously discriminating animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all.

■ In the instant action, the plaintiff has not pled any facts to show that defendant's actions were motivated by racial or class-based invidiously discriminatory animus. Nor does plaintiff allege that he has been deprived of equal protection or equal privileges or immunities. Thus plaintiff's complaint fails to state a cause of action under § 1985(3).

■ Since plaintiff has failed to state a claim pursuant to 42 U.S.C. §§ 1983 or 1985, plaintiff's claim under § 1988 must similarly be dismissed.

■ 42 U.S.C. § 1988 defines the procedures under which remedies may be sought in a civil rights case. § 1988 does not create an independent cause of action. *Krier v. Amodio*, 441 F.Supp. 181, 182 fn. 1 (E.D.Pa.1977). Thus, a substantial claim under a section of the Civil Rights Act must exist before § 1988 becomes relevant.

Since plaintiff has failed to state a claim upon which relief may be granted, the complaint must be dismissed as to defendant Blank Rome.

** 1985(3) provides in pertinent part:
If two or more persons in any State … conspire, … for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; … in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in

b) *Lack of In Personam Jurisdiction under New York Law*

Defendants Irene Schrank, James O'Connell, Barbara Lukes, William King, A. Burton Prestridge, Sandra Prestridge and Steven D. Ivey, have all moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) on the ground that this court lacks in personam jurisdiction over these defendants.

■ By virtue of the incorporative provision of Federal Rule Civ.P. 4(e), personal jurisdiction over non-domiciliary defendants may be maintained pursuant to New York's "long-arm" statute, Civil Practice Law and Rules ("CPLR") 302. In enacting CPLR 302, New York did not seek to obtain full *in personam* jurisdiction over nondomiciliaries; rather, New York limited itself to jurisdiction only in those causes of action that arise out of activity conducted within the State. *See United States v. Montreal Trust Co.*, 358 F.2d 239, 242 (2d Cir.1966), *cert. denied*, 384 U.S. 919, 86 S.Ct. 1366, 16 L.Ed.2d 440 (1966).

CPLR 302 authorizes New York courts to exercise personal jurisdiction over a non-domiciliary who:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to a person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in any other persistent course

furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

of conduct, or derives substantial revenue from goods used or consumed or services rendered in the state or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce, or

4. owns, uses or possesses any real property situated within the state.

■ The plaintiff has the burden of establishing a basis for personal jurisdiction over the defendants. *Masonite Corp. v. Hellenic Lines, Ltd.*, 412 F.Supp. 434, 437 (S.D.N.Y.1976). Plaintiff has failed to satisfy this burden since he has failed to proffer sufficient evidence that the defendants come within *any* of the elements of C.P.L.R. 302(a).

■ The claims against these defendants do not arise out of any acts performed by them in New York State. Additionally, plaintiff has failed to assert any connection between defendants' actions and any injury or foreseeable consequence in New York. The only possible connection alleged is that plaintiff's employer maintained a sales office in New York and that plaintiff resided in New York City. However,

the residence or domicile of the injured party within the State is not a sufficient predicate for jurisdiction, which must be based upon a more direct injury within the State and a closer expectation of consequences within the State than the indirect financial loss resulting from the fact that the injured person resides or is domiciled there.

*Fantis Foods, Inc. v. Standard Importing Co.*, 49 N.Y.2d 317, 326, 425 N.Y.S.2d 783, 402 N.E.2d 122 (1980). New York's long-arm statute is concerned with the *defendant's* contacts with the forum state, not with the plaintiff's contacts. *National Iranian Oil Co. v. Commercial Union Ins. Co. of N.Y.*, 363 F.Supp. 129 (S.D.N.Y. 1973).

■ Taking into consideration each of the subsections of CPLR § 302(a), it is clear that personal jurisdiction over these defendants cannot be sustained.

CPLR § 302(a)(1) cannot provide a basis for personal jurisdiction since none of the defendants transacted any business within the state from which any of the plaintiff's claims arise. The only "transaction" that took place was defendants' Prestridge purchase of a "Partnership." (Complaint paragraph 16). However, the contract entered into by the Prestridges was executed in the State of Virginia and was to be wholly performed within the State of Virginia. There is no showing of any purposeful acts performed by the Prestridges in New York State in relation to the contract preliminary or subsequent to its execution. *See Longines-Wittnauer Co. v. Barnes Reinecke*, 15 N.Y.2d 443, 457, 261 N.Y.S.2d 8, 18, 209 N.E.2d 68 (1965).

CPLR § 302(a)(2) also provides no basis for personal jurisdiction since the alleged tortious conduct of defendants took place outside of New York State.

■ Subparagraph (3) requires a showing that defendants' tortious acts, committed outside New York, caused injury to a person or property within the forum state. However, an injury does not occur in New York simply because the plaintiff is domiciled or does business there. *American Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp.*, 439 F.2d 428 (2d Cir.1971). The place of the injury, in a commercial tort situation, is usually deemed to be the place where the critical events associated with the dispute took place. *Chemical Bank v. World Hockey Assoc.*, 403 F.Supp. 1374, 1380 (S.D.N.Y. 1975). Plaintiff fails to assert what injury occurred in New York as a result of defendants' alleged tortious acts. Even if we were to assume that such injury exists, subparagraph (3) is further qualified by the requirements of clauses (i) and (ii), which cannot be met in this instance. Clause (i) requires that defendants regularly do or solicit business, engage in a persistent course of conduct or derive substantial revenue in New York. Clause (ii) requires that defendants expect their acts to have consequences in the forum state and that

defendants derive substantial revenue from interstate or international commerce. None of these defendants falls within the requirements of these clauses.

Finally, none of these defendants owns, uses or possesses any real property situated within the state. Thus personal jurisdiction is also not possible pursuant to C.P.L.R. § 302(a)(4).

Clearly then, these defendants do not fall within the scope of Section 302(a).

As no acts have been alleged, nor do facts exist, which would be the basis for personal jurisdiction under New York's long-arm statute, C.P.L.R. § 302(a), the plaintiff has failed to establish a valid basis for personal jurisdiction over these defendants. Therefore, it is hereby

ORDERED that the complaint is DISMISSED as to defendant Ricci pursuant to Fed.R.Civ.P. 4(j);

The motion of defendants Blank, Rome, Comisky and McCauley to dismiss for failure to state a claim upon which relief can be granted is GRANTED;

The motions of defendants Irene Schrank, James O'Connell, Barbara Lukes, William King, Jr., A. Burton Prestridge, Sandra Prestridge and Steven D. Ivey to dismiss for lack of personal jurisdiction are GRANTED; and the case is DISMISSED.

SO ORDERED.