In re Michael TERZIAN, Debtor.

In re ALPHA OMEGA TRAVEL, LTD., Debtor.

Rasendu SANGHUI and Maharaj Travels, Inc., Plaintiffs,

v.

ALPHA OMEGA TRAVEL, LTD. and Michael K. Terzian, Defendants.

Bankruptcy Nos. 86 B 12180 (TLB), 86 B 12179 (TLB).
Adv. No. 87–5017A.

United States Bankruptcy Court, S.D. New York.

July 16, 1987.

liability under the plan.

---

**8.** IRS does not argue that the trustee is the "responsible person" seeking to avoid personal

**924**

Manojkumar D. Patel, New York City, for plaintiffs.

Weiner & Silverman, by Bruce Weiner, New York City, for defendants.

DECISION AND ORDER ON PLAINTIFFS' MOTIONS TO AMEND COMPLAINT, GRANT DEFAULT JUDGMENT AND LIFT THE AUTOMATIC STAY AND DEFENDANT'S MOTION TO DISMISS COMPLAINT

TINA L. BROZMAN, Bankruptcy Judge.

We are asked by plaintiffs for a default judgment denying the individual defendant a discharge and by that defendant for an order dismissing the complaint. As best as we can surmise from the moving and opposition papers and the oral argument on these motions, the salient facts are undisputed.

I.

On November 18, 1986, voluntary chapter 7 petitions were filed on behalf of Alpha Omega Travel, Ltd. ("Alpha Omega") and Michael K. Terzian ("Terzian"). Terzian is the sole shareholder of Alpha Omega. Ranendu Sanghui and Maharaja Travels, Inc. are the plaintiffs in this action ("Plaintiffs"); Maharaja Travels, Inc. was a scheduled creditor of Alpha Omega; neither plaintiff was a scheduled creditor of Terzian.

On November 26, 1986, the Clerk of the Bankruptcy Court notified the creditors in the Terzian bankruptcy that February 17, 1987 would be the last date to file both an objection to the debtor's discharge and a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(c). Since the Plaintiffs were not scheduled creditors in the Terzian bankruptcy, they were not mailed this notice. However, Manojkumar D. Patel ("Patel"), attorney for the Plaintiffs, admits having received actual notice of the Terzian bankruptcy in early December 1986.

> The plaintiffs came to know about this bankruptcy petition on or about December 9, 1986 when the civil suit of the plaintiff against the defendants [sic] came to Trial Calendar in the civil court of New York County.

Aff. of Patel at ¶ 6. The suit Patel refers to is one commenced by one of the Plaintiffs against Alpha Omega (the "State Court Action").

Armed with knowledge of the bankruptcies, the Plaintiffs filed a complaint on January 20, 1987 against *both* debtors. A summons was issued on that date. Plaintiffs objected to the discharge of both debtors, requested dismissal of the petitions, and sought judgment in the amount of $9,785.55. The complaint was served by mail on Alpha Omega, Terzian and the chapter 7 trustee of Alpha Omega. Service was never made on Terzian's attorney.[1]

No answer was filed. On March 11, 1987, Plaintiffs filed a motion which was inartfully drafted but which appears to seek a default judgment, an amendment to the complaint to request that the Plaintiffs' claims be declared nondischargeable (the original complaint having only objected to discharge) and modification of the automatic stay to allow the continued prosecution of the State Court Action against Alpha Omega.

The Debtors opposed all relief and cross moved for dismissal of the adversary proceeding on the grounds that 1) only one summons was issued and one filing fee

---

1. In fact, he never learned of the action until a chance encounter with his client on March 2, 1987, the date of the scheduled pre-trial conference. Affirmation of Bruce Weiner, Esq. at ¶ 5.

paid with respect to the complaint against both debtors; 2) the debtors' attorneys were never served pursuant to Federal Rule of Bankruptcy Procedure 7004(b)(9); and 3) Plaintiffs either have no standing with respect to the Terzian bankruptcy since they are not creditors in that case or should be estopped from asserting they have standing since they only sued Alpha Omega in State Court and not Terzian.

■ On May 5, 1987 this court entertained oral argument and at that time dismissed the complaint as to Alpha Omega because Plaintiffs sought relief against Alpha Omega which was given to them by operation of law, specifically, denial of Alpha Omega's discharge. *See* 11 U.S.C. § 727(a)(1).[2] No appeal was taken from the order dismissing the adversary proceeding as against Alpha Omega. The motions with respect to Terzian were taken under advisement. We did not rule on May 5, 1987 on the request to lift the automatic stay as to Alpha Omega and accordingly deal with it here.

## II.

The first hurdle to resolution of these motions is whether we may entertain Terzian's motion to dismiss the adversary proceeding. That question arises because Terzian's challenge, although made in his first response to the complaint, was made after his time to answer would ordinarily have expired.

■ Fed.R.Bankr.P. 7012(a) provides that "[i]f a complaint is duly served" the defendant shall serve an answer within 30 days after the issuance of the summons. Due service by mail upon a defendant debtor is made by service upon the debtor at the address listed in his petition and, if he is represented by an attorney, by service upon the attorney at his post-office address. Fed.R.Bankr.P. 7004(b)(9). As Ter-

zian's petition makes clear, he was represented by an attorney. And, as Plaintiffs admit, they never served that attorney with a copy of the complaint against Terzian. Accordingly, the complaint was not "duly served" and Terzian had no obligation to respond any earlier than he did. *Harlow v. Palouse Producers, Inc. (In re Harlow Properties, Inc.),* 56 B.R. 794, 799 (Bankr. 9th Cir.1985); *First Tennessee Bank v. Brown,* 7 B.R. 486 (Bankr.N.D.Ga.1980) (applying former Fed.R.Bankr.P. 704); *see also Leab v. Streit,* 584 F.Supp. 748, 760 (S.D.N.Y.1984) (defendant did not waive objection to jurisdiction over his person when he failed to respond to complaint within 20 days of its technically defective service upon him); 2A J. Moore, *Moore's Federal Practice,* ¶ 12.06[2] at 12–37 (2d ed. 1986). Thus we may consider Terzian's motion to dismiss.

## III.

Without any support whatsoever and notwithstanding that the facts are undisputed, Plaintiffs assert that service of process was proper. They also argue that it was up to *Terzian* to provide his attorney with a copy of the complaint. Transcript of hearing on May 5, 1987 at page 28. The error in these arguments is exposed by Fed.R.Bankr.P. 7004(b)(9) which states clearly and unequivocally that the debtor's attorney must also be served.

That service was not properly made here is beyond dispute. The more difficult question is whether the defect warrants dismissal of the complaint. We recognize the rule in this circuit that until service is completed, the action remains pending in an inchoate state. *Messenger v. United States,* 231 F.2d 328, 329 (2d Cir.1956); *see International Controls Corp. v. Vesco,* 556 F.2d 665, 669 (2d Cir.1977), *cert. denied,* 434 U.S. 1014, 98 S.Ct. 730, 54

---

**2.** Plaintiffs' request in the adversary proceeding for a dismissal of Alpha Omega's petition was procedurally defective because such relief can only be granted by motion on notice to all creditors, *see 48th Street Steakhouse, Inc. v. Rockefeller Center, Inc. (In re 48th Street Steakhouse, Inc.),* 61 B.R. 182, 186 n. 8 (Bankr.S.D.N. Y.1986), *aff'd,* 77 B.R. 409 (S.D.N.Y.1987). More-

over, Plaintiffs' argument that the petition should be dismissed because an earlier petition had been dismissed pursuant to 11 U.S.C. § 707(a) was unpersuasive. The order of dismissal of that petition does not indicate that the dismissal was with prejudice to a subsequent filing.

L.Ed.2d 758 (1978). The mere lapse of time between the date the complaint was filed and the date of effective service does not cause the complaint to abate. *Grammenos v. Lemos,* 457 F.2d 1067, 1071 (2d Cir.1972) (citing *Messenger, supra.*). This does not mean, however, that service can be made at any time.

Fed.R.Bankr.P. 7004(f) provides that service shall be made by delivery of the summons and complaint within 10 days following issuance of the summons. The rule allows another summons to be issued and served when the prior one is not timely delivered or mailed. But the rule does not contain any time by which service must be completed, failing which the complaint may be dismissed. Nor does the rule limit the number of summonses a plaintiff may receive for the purpose of curing defective service. *Client's Security Fund v. Dahowski (In re Dahowski),* 48 B.R. 877, 881 (Bankr.S.D.N.Y.1985). The decisional law establishes, however, that plaintiffs are required to use diligence in making service of process. *Williston Cooperative Credit Union v. Horob (In re Horob),* 54 B.R. 693, 696 (Bankr.D.N.D.1985) and cases cited therein. Courts may dismiss an action where there is substantial delay between the filing of the complaint and service of the summons. *See* 6 W. Norton, *Bank. L. & Practice* Rule 7004(f) at 354 (1984); *In re Dahowski, supra,* 48 B.R. at 884–85.

The purpose of the bankruptcy laws is to secure the prompt administration of a debtor's estate within a limited period of time. To this end, complaints objecting to discharge or to dischargeability of a debt must be filed not later than 60 days following the first date set for the meeting of creditors. See Fed.R.Bankr.P. 4004(a) and 4007(c). The *Dahowski* court reasoned that Fed.R.Bankr.P. 7004(f) was designed to advance this purpose by limiting the time period for effecting service of such a complaint. *In re Dahowski,* 48 B.R. at 880. The *Dahowski* court stated that "it would be abusive for the reissuance of summonses to be allowed to continue indef-

initely under 7004(f)." *In re Dahowski,* at 881.

Fed.R.Civ.P. 4(j) is helpful in determining whether Plaintiffs' complaint should be dismissed. It has been suggested that where the Bankruptcy Rules are vague, bankruptcy courts may look to the Federal Rules of Civil Procedure to fill the void. 6 W. Norton, *Bankr. L. & Practice* Rule 7004(f) at 354 (1984); *Dahowski, supra* 48 B.R. at 884; *Prudential-Bache Securities, Inc. v. Riposo (In re Riposo)* 59 B.R. 563 (N.D.N.Y.1986). Rule 4(j) gives the plaintiff 120 days to make proper service. After that time, the plaintiff has the burden of explaining why service has not been completed. If good cause is shown, the court can refrain from dismissing the action and allow the plaintiff additional time to serve the complaint. *Geller v. Newell,* 602 F.Supp. 501 (S.D.N.Y.1984); *Burks v. Griffith,* 100 F.R.D. 491 (N.D.N.Y.1984). On the other hand, if the plaintiff fails to justify insufficient service, the complaint may be dismissed. "[C]ourts have broad discretion to dismiss the action or retain the case but quash the service that has been made on defendant." *Montalbano v. Easco Hand Tools,* 766 F.2d 737, 740 (2d. Cir. 1985) quoting 5 C. Wright & A. Miller *Federal Practice and Procedure* § 1354, at 585 (1969) (footnote omitted). While the preference may ordinarily be to preserve the action, the decision whether to dismiss an action for incomplete service must be made upon careful consideration of the facts of each particular case.

In the instant case, six months have lapsed since issuance of the summons. Plaintiffs have never served Terzian's attorney or indicated that they intend to do so. Six months is more than enough time for the completion of service of process.[3]

Several courts in this circuit have held that dismissal is proper where the plaintiff has failed to show good cause for the delay or insufficiency. *Montalbano v. Easco Hand Tools, supra,* 766 F.2d 737; *Burks v.*

---

**3.** One commentator observes that the 120–day time limit seems to be more than enough time to complete service. Siegel, Practice Commen-

taries U.S.C.A. Rule 4, at 54 (West Supp.1985) citing *Grammenos v. Lemos, supra,* 457 F.2d 1067 (2d Cir.1972).

*Griffith, supra,* 100 F.R.D. 491; *see Sturm v. Schrank,* 43 B.R. 755 (S.D.N.Y. 1984). In *Montalbano,* service was insufficient after 120 days lapsed and plaintiff made no attempt to cure the improper service. The court said that it was proper to hold plaintiff to the 120 day time limit of Rule 4(j) "especially since [the plaintiff] has not exactly bent over backward to effect service." [4] This court finds that dismissal is proper in the present case because of Plaintiffs' continuing failure to comply, or attempt to comply, with the rules and because they have offered no justification whatsoever for their failure to effect proper service. This is not a case like *Geller v. Newell, supra,* 602 F.Supp. 501, where service was completed 14 days after the 120–day time limit and where plaintiff had made diligent efforts to timely serve the complaint, justifying retention of the case. Nor is this a case like *Romandette v. Weetabix Company, Inc.,* 807 F.2d 309 (2d Cir.1986) where an incarcerated *pro se* litigant proceeding *in forma pauperis* permissibly relied on the United States Marshals to effect service and service was not properly made. Plaintiffs here have simply chosen to ignore the rules regarding service. We note implicit support for our construction of the rules as well in the proposed amendments to Fed.R.Bankr.P. 7004(a) which make the 120 day limit of Fed.R.Civ.P. 4(j) applicable to adversary proceedings in bankruptcy.

The purpose of any time limit for service is to prevent inaction with respect to service and to assure speedy adjudication of cases. We are particularly sensitive to this goal in the context of objecting to a debtor's discharge. Plaintiffs' inaction has worked to impede this goal. Under the

circumstances, we feel compelled to dismiss the complaint.[5]

## IV.

As a final matter, we see no reason to lift the automatic stay to permit continuation of the State Court Action. The bankruptcy case is the proper place for assertion of Plaintiffs' claim; it may well even be that Alpha Omega's bankruptcy trustee will not object to its allowance, obviating the need for any further litigation.

Accordingly, the complaint is dismissed as against Michael K. Terzian and Plaintiffs' motion is denied.

IT IS SO ORDERED.

---

**4.** Other authorities suggest that dismissal is mandatory after expiration of the 120–day time period absent a showing of good cause. *Service Under Amended Rule 4,* 96 F.R.D. 81, at 114; *Shuster v. Conley,* 107 F.R.D. 755, 757 (W.D.Pa. 1985).

**5.** We give short shrift to Terzian's argument that the complaint must be dismissed because of Plaintiffs' failure to pay two filing fees and commence two adversary proceedings. Payment of a filing fee is not a prerequisite to commencement of an action. *See generally Parissi v. Telechron, Inc.,* 349 U.S. 46, 75 S.Ct. 577,

99 L.Ed. 867 (1955) (paying filing fee for notice of appeal outside the statutory time frame was not fatal to appeal which was filed within proscribed time period). It is well established that a civil action is commenced in federal court by the filing of a complaint. Fed.R.Civ.P. 3; *Messenger v. United States,* 231 F.2d 328, 329 (2d Cir.1956); *Bartholomeo v. Parent,* 71 F.R.D. 86, 87 (E.D.N.Y.1976).

Having determined that the complaint should be dismissed, we need not reach the standing issue raised by Terzian.