In re Jonathan B. RAND Debtor.

Katherine PFEIFFER, Plaintiff,

v.

Jonathan B. RAND, Defendant.

Bankruptcy No. 91–15056(TLB).
Adv. No. 92–8633A.

United States Bankruptcy Court,
S.D. New York.

Sept. 11, 1992.

Stanley R. Stern, New York City, for defendant.

Katherine Pfeiffer, pro se.

## DECISION ON MOTION TO DISMISS

TINA L. BROZMAN, Bankruptcy Judge.

Katherine Pfeiffer is an unemployed office worker who purported *pro se* to object to the discharge of Jonathan Rand and to the dischargeability of her claim against Rand. Rand seeks to swiftly dispose of these threats to his discharge and, to that end, has moved pursuant to Fed.R.Bankr.P. 9014, 7041 and 7056 to dismiss her complaint. I am granting his motion without leave to replead to the extent that it seeks to dismiss the objection to his discharge pursuant to 11 U.S.C. § 727 and conditionally granting his motion with leave to replead to the extent that it seeks to dismiss the claim which would except Pfeiffer's claim from Rand's discharge pursuant to 11 U.S.C. § 523.

### FACTS

On February 1, 1989, Jonathan Rand, in his capacity as President of Uncommon Solutions, Inc. (hereinafter "USI"), borrowed $5,000 from Katherine Pfeiffer. Under the terms of their agreement, the loan would be repaid in one year, with interest being paid in quarterly installments of $187.50. The loan was memorialized in a one page document which congratulated Pfeiffer on the wisdom of her decision to lend money to USI. The agreement provided Pfeiffer with certain assurances, among which included:

1. A one year promissory note from USI guaranteeing payment;
2. Personal guarantees given in the form of promissory notes signed by Rand and Andrew Goorno, the two principals of USI;
3. USI's granting Pfeiffer a security interest in the receivables of its $36,000 Miller Beer contract;
4. Goorno's promise to transfer 0.5% of USI stock to Pfeiffer in the event USI was unable to repay the loan (valued by Goorno at $5,000).

Based on the terms of this one page loan agreement, Pfeiffer loaned the $5,000 to USI. During the ensuing year, USI timely tendered the agreed upon interest of

$187.50, paid quarterly. Ultimately, however, USI defaulted on repayment of the principal amount. In response, Pfeiffer retained local counsel and commenced an action in Superior Court, New Jersey, alleging consumer fraud and seeking to recover her $5,000 from Rand, Goorno and USI.

On November 7, 1991, Rand filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Thereafter, notice was sent to all creditors that Rand apparently had insufficient assets with which to pay unsecured creditors, but it advised such creditors that the deadline before which they were required to file any objections to Rand's discharge or to the dischargeability of their debts was set for February 10, 1992 (the "objection date").

On January 3, 1992, Pfeiffer sent to me a letter objecting to the discharge of her claim against Rand on the grounds asserted in the New Jersey state court action which she had commenced to recover the amount of her loan. Attached to her letter were copies of the pertinent documentation in support of her motion.

Thereafter, on February 21, 1992, Pfeiffer made her objection more formal by commencing a *pro se* adversary proceeding against Rand. She prepared an adversary proceeding cover sheet which contained a brief description of her action, characterizing the action as one objecting to Rand's discharge pursuant to section 727, and to the dischargeability of her debt pursuant to sections 523(a)(2), 523(a)(4) and 523(a)(6) of the Bankruptcy Code. An original summons was issued directing the debtor to appear for a pretrial conference on April 27, 1992. Annexed to the summons was a copy of the January 3rd letter addressed to me. Under the mistaken belief that the court would serve her adversary, Pfeiffer neglected to serve either Rand or his counsel with these papers. It was not until April 20th that Pfeiffer discovered this error. She immediately wrote to the clerk of the court, requesting that the court process a new summons. Her request was complied with, and Pfeiffer thereafter served Rand on May 20, 1992 with the summons, but not the complaint.

Subsequently, on June 11th, Pfeiffer wrote Rand's counsel, advising counsel that, as a *pro se* creditor, she was wholly unfamiliar with bankruptcy procedural law. She explained that the bankruptcy court clerk's office had earlier advised her merely to submit her complaint, fill out the required forms, and submit them along with a filing fee. Her letter also provided Rand's counsel with the case number, acknowledged her awareness of the April 20th objection date, and stated that her letter of January 3rd was to be her complaint. She enclosed copies of the documents concerning her state court suit; she did not, however, include a copy of her January 3rd letter.

In July, Rand moved to dismiss Pfeiffer's adversary proceeding on both procedural and substantive grounds. Procedurally, Rand asserts that Pfeiffer failed to serve Rand with both a summons and complaint, and thus, service was deficient, warranting dismissal. In the same vein, Rand asserts that Pfeiffer served him with her objection more than 120 days after the action was commenced, in derogation of Federal Rule of Civil Procedure 4(j), and as a result her objection should be dismissed. Finally, Rand argues that Pfeiffer has in any event failed to state a claim upon which relief could be granted.

## DISCUSSION

### A. PFEIFFER FILED A TIMELY COMPLAINT

#### 1. *The January 3rd Letter Constituted a Complaint*

■ Federal Rule of Civil Procedure 8(a), made applicable here by Federal Rule of Bankruptcy Procedure 7008, requires only a:

> "short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."

Additionally, Federal Rule of Bankruptcy Procedure 7008(a) requires the pleading to have a reference to the name, number and chapter of the case under the Code to which the adversary proceeding relates. Pfeiffer's January 3rd letter and its accompanying documents sufficiently laid out Pfeiffer's objection to the dischargeability of her debt to be deemed a complaint. The letter and documents apprised the court of the general nature and extent of her potential claim. The letter also contained a reference to the name, number and chapter of the case to which this adversary proceeding relates. Thus, I conclude that Pfeiffer's letter constitutes a complaint. *Cf. Herbert v. Schwartz (In re Schwartz & Meyers)*, 64 B.R. 948, 955–56 (Bankr.S.D.N.Y.1986).

2. *Pfeiffer Timely Commenced Her Adversary Proceeding*

■ Federal Rule of Civil Procedure 3 is made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7003. The Advisory Committee Note to Bankruptcy Rule 7003 provides in pertinent part that the complaint commencing an adversary proceeding be filed with the court in which the case under the Code is pending. It is the filing of the complaint with the court which commences the action. Moreover, the complaint may be filed with either the judge or the clerk of the court. Fed.R.Bankr.P. 5005(a); *In re Schwartz & Meyers*, 64 B.R. at 956; *Bomar v. Keyes*, 162 F.2d 136 (2d Cir.1947), *cert. denied*, 332 U.S. 825, 68 S.Ct. 166, 92 L.Ed. 400 (1947).

There can be no doubt that Pfeiffer commenced her adversary proceeding in a timely fashion. On January 3rd, well before the objection date, Pfeiffer submitted to me her objection to the dischargeability of her debt. Since her letter constituted a complaint, it was timely.

## B. PFEIFFER IMPROPERLY SERVED RAND WITH ONLY A SUMMONS

■ Having concluded that Pfeiffer properly commenced this adversary proceeding, I now turn to a discussion of whether Pfeiffer's complaint must be dismissed because she served Rand with only the summons and not the complaint.

■ Federal Rule of Civil Procedure 4(j), which was made applicable to adversary proceedings by an amendment a year or two back of Federal Rule of Bankruptcy Procedure 7004, provides in pertinent part:

"If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion ..."

It mandates that a plaintiff has 120 days from the date of the filing of the complaint to serve the defendant with the *summons and complaint* or to show why such service was not made within that period. *McGregor v. U.S.*, 933 F.2d 156, 161 (2d Cir.1991); *Frasca v. United States*, 921 F.2d 450, 452 (2d Cir.1990); *Zankel v. U.S.*, 921 F.2d 432, 436 (2d Cir.1990); *Tillman v. New York State Dept. of Mental Health*, 776 F.Supp. 841, 843 (S.D.N.Y.1991); *In re Terzian*, 75 B.R. 923, 926 (Bankr.S.D.N.Y. 1987) (borrowing Rule 4(j) before it was made applicable to adversary proceedings). After 120 days have elapsed, after a showing of good cause the court may refrain from dismissing the action and allow the plaintiff additional time to serve the complaint. *In re Terzian*, 75 B.R. at 926; *Geller v. Newell*, 602 F.Supp. 501 (Bankr. S.D.N.Y.1984). However, if the plaintiff fails to justify insufficient service, the complaint may be dismissed. "[C]ourts have broad discretion to dismiss the action or retain the case but quash the service that has been made on the defendant." *Montalbano v. Easco Hand Tools*, 766 F.2d 737, 740 (2d Cir.1985). While the preference may ordinarily be to preserve the action, the decision whether to dismiss an action for incomplete service must be made upon careful consideration of the facts of each particular case. *Frasca v. U.S.*, 921 F.2d at 452–453; *In re Terzian*, 75 B.R. at 926.

Wholly ignorant as to proper procedure, this *pro se* creditor filed her adversary proceeding by filing the appropriate papers with the clerk's office. She assumed the clerk's office would notify Rand of the adversary proceeding, a mistake not surprising from one not accustomed to bankruptcy procedure. As a result, Rand was not served within 120 days of Pfeiffer's commencing the adversary proceeding. Yet Pfeiffer sought to correct her error as soon as she realized she had made it. She obtained a new summons and immediately communicated with Rand's counsel. Manifestly she made more than reasonable efforts to see that service was accomplished. Good cause exists for me to retain this case and simply quash Pfeiffer's service as defective, thus allowing her the opportunity to correctly serve Rand. Accordingly, Rand's motion to dismiss for improper service is denied.

## C. DISMISSAL BASED ON FAILURE TO STATE A CAUSE OF ACTION

Rand has moved for summary judgment on the pleadings, making reference to both Rules 56(c) and 12(c) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by virtue of Rules 7012 and 7056 of the Federal Rules of Bankruptcy Procedure. Although Rand purports to move under Rule 56, no matters outside what I have considered to constitute the pleadings (including the letter complaint) have been presented, thus, the motion is more properly reviewed as one for judgment on the pleadings pursuant to Rule 12(c).

In evaluating a Rule 12(c) motion, the court (i) must view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party; (ii) must take the well-pleaded material facts alleged in the complaint as admitted; and (iii) may not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Madonna v. United States*, 878 F.2d 62, 65 (2d Cir.1989) (citing cases).

### 1. *Pfeiffer's § 727 Claim*

On the cover sheet to her adversary proceeding, Pfeiffer first asserts that Rand should be denied his discharge pursuant to Section 727. Notwithstanding Pfeiffer's invocation of Section 727, she has pleaded no facts which could give rise to a denial of discharge.

When the merits are reached, objections to discharge must be construed strictly against the objectant and liberally in favor of the debtor. *Schultz v. Shapiro* (*In re Shapiro*), 59 B.R. 844, 847 (Bankr. S.D.N.Y.1986); *Scarsdale National Bank and Trust Co. v. Switzer* (*In re Switzer*), 55 B.R. 991, 997 (Bankr.S.D.N.Y.1986). This strict construction reflects the widely-recognized notion that the relief afforded in a bankruptcy case is intended to permit the honest debtor to obtain a fresh start free from debt. *Brown v. Felsen*, 442 U.S. 127, 128, 99 S.Ct. 2205, 2207, 60 L.Ed.2d 767 (1969); *Bank of Pennsylvania v. Adlman* (*In re Adlman*), 541 F.2d 999 (2d Cir.1976). The policy of a fresh start for the debtor is best articulated by Justice Sutherland's oft-quoted observation in *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934):

> "One of the primary purposes of the bankruptcy act is to 'relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes'." (quoting *William v. U.S. Fidelity & G. Co.*, 236 U.S. 549, 554–55, 35 S.Ct. 289, 290, 59 L.Ed. 713 (1915).

This fresh start has been described as the most extensive since "the Seven year release described in the Old Testament." *Bailey v. Bailey* (*In re Bailey*), 53 B.R. 732, 736 (Bankr.W.D.Ky.1985).

Although Section 727 is the vehicle through which a court may grant a debtor a discharge, it is also the vehicle through which the court may deny that same relief to the debtor. Pursuant to section 727(a), a general discharge will be denied where, for example, the debtor has hindered, delayed or defrauded those in charge of administering the debtor's estate, or where the debtor

has failed to maintain adequate books and records or refused to turn over such existing records, or where the debtor has violated a court order or law.

Nothing in Pfeiffer's papers suggests that Rand has not maintained, or alternatively, failed to turn over his financial records, nor that he failed to explain a loss of assets. Nothing in her papers suggests that Rand has hindered or delayed the administration of the estate. Pfeiffer does not suggest that Rand has violated any court order or made a false oath. Simply put, Pfeiffer has not pleaded any theory nor presented any evidence which would warrant my denying Rand his discharge. Since this is not a mere technical failure in pleading, but a wholesale failure to allege anything resembling grounds to deny a discharge, judgment dismissing Pfeiffer's section 727 objection to discharge is granted.

### 2. *Pfeiffer's § 523 Claims*

Section 523(a) of the Bankruptcy Code excepts from discharge: a debt for money or property obtained by false pretenses, a false representation or actual fraud [subdivision (a)(2)]; a debt for fraud, embezzlement or larceny [subdivision (a)(4)]; and a debt for wilful and malicious injury by the debtor to another entity or its property [subdivision (a)(6)]. Reading liberally Pfeiffer's letter/complaint with its attachments, it is entirely possible that Pfeiffer may be able to prove facts which would entitle her to remove her debt from the scope of Rand's discharge. As will be discussed below, since she has failed to plead with particularity and will be given leave to replead, it would be premature to rule now on this prong of the relief sought. This part of the motion will therefore be denied as premature, without prejudice to renewal should Pfeiffer replead in a deficient manner. (Should she fail to replead timely, her complaint will be dismissed.)

### 3. *Pfeiffer Has Failed To Plead With Particularity*

 Federal Rule of Civil Procedure 9(b) provides that:

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

 Under the plain mandate of Rule 9(b), averments of fraud must be pleaded with particularity. Since to prove embezzlement, one must prove fraudulent intent or deceit, *Moore v. United States*, 160 U.S. 268, 269, 16 S.Ct. 294, 295, 40 L.Ed. 422 (1895); *Seepes v. Schwartz (In re Schwartz)*, 45 B.R. 354, 357 (Bankr. S.D.N.Y.1985), particularity is required for that as well. "The particularity requirement exists primarily to discourage the filing of frivolous suits and to provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Eisenberg v. Feiner (In re Ahead By A Length, Inc.)*, 100 B.R. 157, 166 (Bankr.S.D.N.Y.1989) (citations omitted). In general, a fraud claim is sufficiently particularized when it sets forth the time, place, particular contents of the false representations, the identity of the party making the false representations, and the consequences of the misrepresentation. *DiVittorio v. Equidyne Extractive Industries, Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987). Rule 9(b) prevents the filing of a complaint as a pretext for discovery of unknown wrongs. 2A J. Moore, *Moore's Federal Practice*, ¶ 9.03[1] at 9–33 (2d ed. 1991), quoting *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985).

Pfeiffer's complaint is far from a pretext for discovery when read with her included state court complaint. Albeit that her complaint is inartfully drafted and fails to fulfill the requirements described in *DiVittorio*, it contains the nub of what is probably a sustainable claim under Section 523 against Rand. Accordingly, that claim is to be conditionally dismissed, with leave to replead.

### CONCLUSION

Pfeiffer has improperly served Rand with only a summons in this adversary action. As a result, proper service upon Rand was not completed within 120 days of the commencement of the adversary pro-

ceeding, as required by Federal Rule of Civil Procedure 4(j). However, good cause exists for me to retain this case while simply quashing the improper service. Accordingly, service is quashed and Pfeiffer is directed to obtain a new summons and timely reserve once an amended complaint is filed.

■ Pfeiffer's objection to Rand's discharge pursuant to section 727 is dismissed because she has failed to state a claim upon which relief may be granted. Since she has alleged no facts which would give Rand notice of any basis for objecting to his discharge, amendment of her pleading to now state such a claim would be time-barred pursuant to Fed.R.Bankr.P. 4004(a). Thus, leave to amend on that basis is inappropriate. Pfeiffer's Section 523 claim need not, however, suffer the same fate. She has alleged enough to be allowed to replead in a complaint laying out in its four corners the elements of her claim and alleging fraud with particularity. The request for sanctions is denied.

To aid Pfeiffer in any further proceedings she may have before me, as well as to assure that her future conduct conform to the Federal Rules of Bankruptcy Procedure, I hereby request that the United States Trustee investigate providing Pfeiffer with *pro bono* counsel through the *Pro Bono* Panel in this district. Pfeiffer may replead within 20 days from the appointment of counsel, or, in the event that such counsel is not appointed, within 25 days from the date that written notice is given to her by the United States Trustee that such counsel will not be appointed. The debtor is to settle an order consistent with this decision and to send a courtesy copy of his proposed order to the United States Trustee.